# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 14. Motion for Extension of Time

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form14instructions.pdf

**9th Cir. Case Number(s)**  23-15087

**Case Name**  Coalition on Homelessness, et al. v. City and County of San Francisco

**Requesting Party Name(s)**  Plaintiffs-Appellees Coalition on Homelessness et al.

**I am:**
- ○ The party requesting the extension.
- ● Counsel for the party or parties requesting the extension.

**I request an extension of time to file a:**
- ☒ Brief (*you **must** also complete the Declaration on page 3*)
- ☐ Motion to proceed in forma pauperis
- ☐ Motion for a certificate of appealability
- ☐ Response/opposition to a pending motion
- ☐ Reply to a response/opposition to a pending motion
- ☐ Certified Administrative Record
- ☐ Response to court order dated
- ☐ Other (*you **must** describe the document*)

**The requested new due date is:** April 20, 2023

**I request the extension of time because (cannot be left blank):**
*(attach additional pages if necessary)*

(1) of extended absences of multiple lead counsel due to injury/illness, leave, and trial; (2) extraordinary proceedings below including settlement, and the (3) need to address newly raised arguments from Defendants-Appellants and Amici. Because the challenged order is narrow and an extension may not impact the timing of appeal, Defendants-Appellants face little to no prejudice. The attached elaborates on these justifications.

**Signature**  s/ Al Pfeiffer    **Date**  Mar 14, 2023

(*use "s/[typed name]" to sign electronically-filed documents*)

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

> **Recitals in criminal and immigration cases pursuant to Circuit Rule 27-8**
> *Complete this section for criminal or immigration cases.*

Previous requests for extension of time to file the document, including any request for a Streamlined Extension of Time under Circuit Rule 31-2.2(a) (*select one*):

○ I have **NOT** filed a previous request to extend time to file the document.

○ I have previously requested an extension of time to file the document.

    This motion is my [_____] request.
    *(Examples: first, second)*

Bail/detention status (*select one*):

○ The defendant is incarcerated. The projected release date is: [_____].

○ The petitioner is detained.

○ The defendant/petitioner in this criminal/immigration case is at liberty.

**Signature** [_____]    **Date** [_____]
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 14**      2      *New 12/01/2018*

> **Declaration in support of extension to file brief under Circuit Rule 31-2.2(b)**
> *Complete this section if you are requesting an extension of time to file a brief.*

1. I request an extension of time to file the | answering | brief.

   (Examples: opening, answering, reply, first cross-appeal)

2. The brief's current due date is: March 21, 2023

3. The brief's first due date was: March 21, 2023

4. A more detailed explanation of why the extension of time to file the brief is necessary: *(Under Circuit Rule 31-2.2(b), a request for extension of time to file a brief must be "supported by a showing of diligence and substantial need" and a conclusory statement as to the press of business does not constitute such a showing. Attach additional pages if necessary.)*

   I declare that the facts set forth in the attachment are true and based upon my personal knowledge, include facts regarding the extended absences of lead counsel, (2) the extraordinary proceedings below, and the (3) need to address new raised by Defendants-Appellants and Amici.

5. The position of the other party/parties regarding this request is:

   ☐ Unopposed.

   ☒ Opposed by *(name of party/parties opposing this motion)*:

   City and County of San Francisco, et al.

   ☐ Unknown. I am unable to verify the position of the other party/parties because:

6. ☒ The court reporter is not in default with regard to any designated transcripts.

   If the court reporter is in default, please explain:

7. ☒ I have exercised diligence and I will file the brief within the time requested.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature** s/ Al Pfeiffer   **Date** Mar 14, 2023

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at *forms@ca9.uscourts.gov*

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| COALITION ON HOMELESSNESS, et al.,<br><br>           Appellees-Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>           Appellants-Defendants. | CASE NO. 23-15087<br><br>**ATTACHMENT TO APPELLEES-PLAINTIFFS' FIRST MOTION TO EXTEND DEADLINE FOR BRIEF** |

Pursuant to Fed. R. App. P. 32-1, Appellees-Plaintiffs Coalition on Homelessness, Toro Castaño, Sarah Cronk, Joshua Donohoe, Molique Frank, David Martinez, Teresa Sandoval, and Nathaniel Vaughn ("Coalition on Homelessness" or "Appellees") respectfully request to extend the initial answering brief deadline of March 21, 2023 to April 20, 2023. This is their first extension request. In support of a showing of diligence and substantial need, Appellees represent that this extension is necessary in light of extraordinary proceedings below including settlement discussions, extensive motion practice, and brand new arguments raised by Appellants ("San Francisco" or the "City") and amici on appeal, and a series of lead attorney absences. Moreover, because the challenged order is narrow and an extension need not necessarily impact the timing of oral

1

argument on appeal, San Francisco faces little to no prejudice by this extension. In further support, Appellees represent as follows:

### I. Extraordinary Proceedings Below Divert Counsel's and Appellees' Resources

In addition to this appeal, Appellees have been preoccupied with ongoing settlement discussions, extensive motion practice, and extraordinary and protracted discovery disputes in this action. The parties are currently engaged in settlement discussions under the auspices of Magistrate Judge Lisa J. Cisneros of the Northern District of California. Appellees cannot simultaneously devote the necessary resources to both the appeal and settlement discussions. Plaintiffs anticipate settlement discussions about the complex crisis of homelessness will be particularly extensive in the next month and the extension will provide the parties sufficient time to determine if a settlement is viable.

Since December 23, 2022, when the District Court granted the motion for preliminary injunction, Order on Mot. for Prelim. Inj., 1-ER-0002-0051, Appellees have been engaged in nearly nonstop motion practice and discovery disputes about the injunction and the merits of the case. Within days, Appellees witnessed examples of likely noncompliance with the Court's order. Friedenbach Second Suppl. Decl., 2-ER-0299-0304; James Second Suppl. Decl., 2-ER-0294-0298; Evans Second Suppl. Decl., 2-ER-0285-0293; Orona Suppl. Decl., 2-ER-0279-0284. On January 3, 2023, San Francisco filed an administrative motion asking the

2

Court to permit the City's encampment displacement operations to continue, despite the fact that these unconstitutional operations were central to Plaintiffs' preliminary injunction motion that the Court granted. *Compare* Defs.' Administrative Mot., 3-ER-0316-0322, *with* Mot. for Prelim. Inj., 7-ER-1582-1586; Pls.' Opp'n to Defs.' Administrative Mot., ER-0207-0214. This motion was heard on January 12, 2023 and denied on procedural grounds, alongside the City's partial motion to dismiss. This hearing ultimately resulted in an amended complaint filed on February 28, 2023 and to which a response was due today. Tr., 2-ER-0092. Today, Defendants filed a second motion to dismiss, for which Appellees' response will be due in 14 days. Mot. to Dismiss, Trial Ct. Dkt. No. 112.

    In the meantime over the last several weeks, Appellees and the City have engaged in letter practice on existing and substantial discovery disputes. In addition to merits discovery, Appellees have also attempted to reach a compromise on ongoing document disclosures critical to assessing the City's compliance with the injunction at issue on appeal, but no agreement has been reached. These issues will be presented to the District Court in the coming days.

    Additionally, the parties just completed briefing on San Francisco's motion to stay the injunction pending appeal and that motion will be heard next week by the District Court—just two days after Appellees' answering brief is set to be due.

*See generally* Mot. to Stay, Trial Ct. Dkt. No. 97; Opp'n to Mot. to Stay, Trial Ct. Dkt. No. 105; Order on Defs.' Mot. to Shorten Time, Trial Ct. Dkt. No. 107; Reply re: Mot. to Stay, Trial Ct. Dkt. No. 109. Although a motion for a 4-week extension is not unusual in the abstract, the totality of these circumstances merit an extension of the answering brief.

    **II.    Need to Address Newly Raised Arguments from the City and Amici.**

An extension is also appropriate given the number of new arguments raised by San Francisco and Amici. The City's entire opposition to the preliminary injunction focused on a recounting of its written policies and whether Plaintiffs' evidence was stale or inadmissible. Mem. of Points & Authorities in Opp'n to Pls.' Mot. for Prelim. Inj., 5-ER-1012-1034. But now for the first time on appeal, the City's arguments have grown exponentially. For example, the City now argues that its sweep practices are limited in geographic and temporary scope, that knowing the number of unhoused people is unworkable, that the terms "involuntarily homeless" and "threatening to enforce" are somehow unclear, and that—among other purported errors— the District Court improperly enjoined the City to follow its own policies on property destruction. Appellants' Opening Brief, Appeal Dkt. No. 11, at 31-54.

Amici have likewise raised discrete new arguments, divorced from the record and the City's arguments. For example, the League of California Cities,

4

contends that the District Court granted "class" wide relief and that a policy or custom was not established under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). The City has made neither argument. Although the City has not preserved these new arguments—the vast majority of which are obviously waived because of the City's failure to raise them at the district court level—Appellees must address these arguments nonetheless in their answering brief. And because the arguments were not raised below, Appellees could not have anticipated the need to address them until the City's opening brief and briefs of amici were filed. An extension of time is therefore necessary to ensure Appellees have a fair opportunity to address these meritless, but new, arguments.

### III. Extended Absences of Multiple Lead Counsel Due to Injury, Illness, Leave, and Trial Justify the Requested Extension.

This civil rights matter has been principally led by pro bono counsel Alfred Pfeiffer and Joseph Lee of Latham and Watkins and Zal K. Shroff of the Lawyers' Committee for Civil Rights of the San Francisco Bay Area. Each have had extended absences during the time needed to prepare for the appeal, while simultaneously litigating the matter below. Mr. Pfeiffer was in an automobile accident and was out of the office for an extended period due to the injuries suffered. Mr. Lee was unavailable for part of this past month due to an evidentiary hearing for an enforcement proceeding (equivalent to a multi-day bench trial)

5

before the United States International Trade Commission. *See In the Matter of Certain Movable Barrier Operator Systems and Components Thereof*, Inv. No. 337-TA-1209E. Mr. Shroff was out of office during the two weeks immediately following the filing of Appellees' opening brief.

During their absences, the remaining legal team has made best efforts to provide coverage with John Do of the ACLU of Northern California and first-year attorney Hadley Rood taking on a larger role. But Mr. Do also was out on leave for COVID-19 during this time and had limited availability and will be out of the office the final weeks of March. While the attorneys of record have continued to work diligently in connection with this appeal and this action despite all absences, in light of the weeks of attorney time lost due to injury, illness, leave, and trial, the requested extension is appropriate.

### IV. The City Faces Little to No Prejudice if the Extension is Granted.

Claiming prejudice, San Francisco opposes this extension. Although an extension lengthens the briefing schedule, it need not impact the timing of oral argument or a decision. San Francisco has also filed a motion to stay the preliminary injunction before the District Court, which if granted, would reduce or even entirely eliminate any potential prejudice from this requested extension. However, as the preliminary injunction being appealed has already been in place for three months, it is unclear what additional prejudice to San Francisco would

result from a 30-day extension in briefing this appeal. Indeed, the City has a new police bulletin which details the many tools the City has to keep streets safe and clean, San Francisco's Req. for Judicial Notice, Ex. B, Appeal Dkt. No. 13, at 113-116, and the City concedes it still is able to offer services. Tr., 2-ER-0078.

On the other hand, despite diligence, Appellees have a need for the requested extension to be able to fairly consider and respond to San Francisco's and amici's briefing. Especially given that Appellees' fundamental constitutional rights are implicated, a substantial need exists for this extension and Appellees respectfully request this motion be granted.