**No. 23-15087**

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,

*Plaintiffs-Appellees*

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Northern District of California
No. 4:22-cv-05502-DMR
Hon. Donna M. Ryu

_____

## APPELLANTS' OPPOSITION TO APPELLEES' MOTION FOR EXTENSION OF TIME TO FILE ANSWERING BRIEF; DECLARATION OF JAMES M. EMERY (PRELIMINARY INJUNCTION APPEAL)

_____

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
WAYNE SNODGRASS
Deputy City Attorney
MEREDITH B. OSBORN
Chief Trial Deputy

JAMES M. EMERY
EDMUND T. WANG
KAITLYN M. MURPHY
RYAN C. STEVENS
MIGUEL A. GRADILLA
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:  (415) 554-4628 (Emery)
Facsimile:  (415) 554-4699
Email: jim.emery@sfcityatty.org

Attorneys for Appellants CITY AND COUNTY OF SAN FRANCISCO, et al.

## INTRODUCTION

Plaintiffs have not established diligence or substantial need to support their motion for an extension of time to file their answering brief. According to its website, Latham & Watkins, plaintiffs' lead law firm, has over 3,000 lawyers.[1] The ACLU and the Lawyers Committee for Civil Rights also represent plaintiffs. Eleven attorneys signed plaintiffs' recent first amended complaint. And the asserted unavailability of individual attorneys in this motion does not withstand scrutiny. In sum, plaintiffs have ample resources and capacity to file a timely answering brief.

But the requested delay will cause substantial prejudice to San Francisco.[2] As long as the vague and overbroad injunction remains in place, it limits San Francisco's ability to keep its streets and sidewalks safe and accessible to the public. The injunction prevents City officials and agencies from fulfilling their duties to maintain the public right of way in the interest of all San Franciscans.

Plaintiffs' motion for additional time smacks of gamesmanship. Every day the disputed injunction remains in place, it promotes plaintiffs' litigation objectives. Plaintiffs have known at least since January 24, 2023, when this Court issued its scheduling order, that their answering brief would be due on March 21. Dkt. No. 2. San Francisco informed plaintiffs on March 7 that San Francisco would not consent to an extended briefing schedule for this appeal. Emery Decl., attached, Exh. A. Yet plaintiffs waited an additional week, until March 14, to file their motion for additional time, just 7 days before their brief is due.

For these reasons, set forth more fully below, the Court should deny plaintiffs' motion for extension of time.

---

[1] *See* https://www.lw.com/en/people#sort=%40peoplerankbytitle%20ascending%3B%40peoplelastname%20ascending.

[2] This brief refers to defendants collectively as "San Francisco."

## BACKGROUND

Plaintiffs commenced this action September 27, 2022. Plaintiffs allege San Francisco violates the constitutional and statutory rights of persons experiencing homelessness when San Francisco's social workers and outreach workers and street cleaning crews engage with homeless encampments on San Francisco's streets. Plaintiffs' original complaint was 99 pages long, with 334 numbered paragraphs of factual allegations and 13 causes of action. 11-ER-2531-2635. Plaintiffs' 970-page preliminary injunction motion accompanied the complaint. 7-ER-1557 to 10-ER-2529.

Plaintiffs opposed San Francisco's request for additional time beyond the usual 14 days to respond to the 970-page preliminary injunction motion that plaintiffs spent 3 years preparing. 7-ER-1506-1512, 1552-1556, 1565 (stating plaintiffs "dedicated the last three years" to building their case). On December 22, 2022, the district court heard argument on plaintiffs' preliminary injunction motion, 3-ER-358-404, and the next day the district court issued its 50-page order granting the injunction. 1-ER-2-51.

The pace of litigation since December 23, when the district court entered its injunction order, has not been unusually intense:

**Settlement**.– Magistrate Judge Cisneros conducted a single settlement conference on January 25, 2023. Since then, Judge Cisneros has conducted periodic phone calls separately with each side. There are no further settlement discussions scheduled. San Francisco believes the parties' fundamental disagreements over the propriety and scope of the preliminary injunction require guidance from the Ninth Circuit before further settlement progress is possible.

**Discovery**.– On January 23, 2023, San Francisco served its responses to plaintiffs' first set of document requests, and on March 13, 2023, San Francisco served its responses to plaintiffs' first set of interrogatories. The parties are

meeting and conferring on the document responses. Also, on March 13, San Francisco filed its first set of document demands. The parties continue to meet and confer on plaintiffs' demand for expedited interim discovery to monitor compliance with the injunction.

**Motion Practice**.– On November 3, 2022, San Francisco filed a motion to dismiss plaintiffs' complaint. On January 3, 2023, San Francisco filed an administrative motion for clarification of the preliminary injunction order. 3-ER-316-322. On January 6, 2023, plaintiffs filed an administrative motion asserting San Francisco had violated the injunction. 3-ER-305-314. At the January 12, 2023 hearing, the district court granted San Francisco's motion to dismiss in part, granting plaintiffs leave to file an amended complaint by February 28, 2023. The court denied both administrative motions on procedural grounds. 2-ER-92-94. The court admonished Plaintiffs: "If Plaintiffs believe that there is grounds to move for contempt, for violation or noncompliance with the preliminary injunction order or for appointment of monitor, Plaintiffs need to pursue those issues as a regularly noticed motion with a full record." 2-ER-77. They have not done so. On March 14, 2023, San Francisco filed its motion to dismiss plaintiffs' First Amended Complaint. N.D. Cal. Dkt. No. 112.

**Appeal**.– On January 23, 2023, San Francisco filed its notice of appeal from the preliminary injunction order. 11-ER-2636-2688. On February 2, 2023, San Francisco filed in the district court its motion to stay the injunction pending appeal, and plaintiffs opposed the stay motion on February 16, 2023. On February 21, 2023, San Francisco filed its opening brief on appeal. Two amici submitted briefs on February 28, 2023.

## ARGUMENT

This Court "may" grant a motion for an extension of time to file a brief upon a showing of "diligence and substantial need." Ninth Circuit Rule 31-2.2(b). Even

with an adequate showing of diligence and need, an extension of time remains discretionary. See, e.g., *Day v. Orrick, Herrington & Sutcliffe, LLP*, 42 F.4th 1131, 1140 (9th Cir. 2022) ("The word 'may,' when used in a statute, usually implies some degree of discretion.") (quoting *United States v. Rodgers*, 461 U.S. 677, 706 (1983)). Prejudice from delay can outweigh an adequate showing of diligence and need.

## I.    Plaintiffs Have Not Shown Diligence Or Substantial Need For The Requested Extension.

Plaintiffs offer three reasons for their requested extension: (1) "extraordinary proceedings below"; (2) new arguments on appeal; and (3) counsel's unavailability. Dkt. No. 23, at pp. 5-9. None of these arguments justifies plaintiffs' requested extension.

### A.    The Pace Of Litigation In The District Court Does Not Justify Delay.

Plaintiffs invoke "ongoing settlement discussions, extensive motion practice, and extraordinary and protracted discovery disputes." Dkt. No. 23, at p. 5. As for the impact of this appeal on settlement discussions, plaintiffs have turned matters on their head. There are no settlement meetings scheduled. Until this Court decides the appeal and resolves the parties' conflicting views of the scope and legality of the injunction, further settlement negotiations are unlikely to be fruitful. Until the parties receive this guidance from the Ninth Circuit, their divergent views of what plaintiffs might reasonably achieve through litigation present a formidable obstacle to finding common ground.

Plaintiffs' discussion of the parties' administrative motions filed January 3 and January 6 is irrelevant. See Dkt. No. 23, at pp. 5-6. The district court decided both motions January 12, 2023. 2-ER-92-94. San Francisco filed its opening appeal brief February 21, 2023, nearly *six weeks after* the district court decided the

administrative motions plaintiffs refer to. The administrative motions had no conceivable impact on counsel's ability to focus on this appeal.

Indeed, the parties have been meeting and conferring over plaintiffs' asserted need for expedited periodic discovery to monitor compliance with the preliminary injunction. See Dkt. No. 23, at pp. 5-6. Since mid-February, San Francisco has been negotiating with a single attorney from plaintiffs on the issue, Ms. Rood. See Dkt. No. 23, at p. 9. Emery Decl., ¶¶ 5-6.

Plaintiffs next complain they "just completed" briefing on San Francisco's motion to stay the injunction pending appeal. Dkt. No. 23, at pp. 6-7. In fact, plaintiffs' filed their opposition to that motion on February 16, 2023, N.D. Dkt. No. 105, five days *before* San Francisco filed its opening appeal brief. Briefing on the stay motion, therefore, had no impact on plaintiffs' ability to focus on this appeal.

The last two items plaintiffs rely on will occur *after* their answering brief is due. Preserving the current due date will avoid conflict with events in the district court. First, plaintiffs' opposition to San Francisco's motion to dismiss the First Amended Complaint is due March 28, 2023, one week *after* their answer brief is due. San Francisco's brief supporting its motion to dismiss is only 9 pages long. N.D. Cal. Dkt. No. 112. The opposition should not be an extraordinarily heavy lift for Plaintiffs' legal team, drawn from three of Latham's California offices, from the ACLU, and the Lawyer's Committee. Second, the hearing on San Francisco's motion to stay the injunction pending appeal is set for March 23, 2023, two days *after* plaintiffs' answering brief is due.

### B. This Appeal Is Not Unusually Complex.

Next, plaintiffs complain of the need to respond to "the number of new arguments raised by San Francisco and Amici." Dkt. No. 23, at p. 7. At bottom, the essential question San Francisco presents in its appeal is whether the preliminary

injunction order exceeds the reach of *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019), and *Johnson v. City of Grants Pass,* 50 F.4th 787, 813 (9th Cir. 2022). This is not a new argument. San Francisco argued below that it complied with *Martin* and *Johnson*, and no injunction should issue. See 5-ER-1024-1026. The two amici briefs are 15 pages and 26 pages, respectively. Dkt. Nos. 17, 19. Plaintiffs do not explain why the standard briefing schedule is inadequate or unfair.

Preliminary injunction appeals are disqualified from the Court's streamlined extension procedure. Ninth Circuit Rule 31-2.2(a)(3). Recognizing the urgency that attaches to preliminary injunction appeals, the Court generally expects litigants to comply with the standard briefing schedule on appeals like this one. Plaintiffs have failed to show this case warrants an exception.

### C. Plaintiffs Have Not Demonstrated They Lack Adequate Resources To Prepare A Timely Answering Brief.

Plaintiffs have a virtual army of attorneys working on this case and available to them. Eleven lawyers appeared on plaintiffs' First Amended Complaint, which plaintiffs filed on February 28, 2023. N.D. Dkt. No. 111; Emery Decl., ¶ 7. Latham & Watkins has over 3,000 attorneys. See fn. 1, *supra.*

Plaintiffs note that "Mr. Pfeiffer was in an automobile accident and was out of the office for an extended period due to the injuries suffered." Dkt. No. 23, at p. 8. Mr. Pfeiffer, though, does not provide the Court the date of his injury or the time frame of his recuperation, nor does he describe the impact of his convalescence on his availability for this case.

In fact, Mr. Pfeiffer suffered his accident during the weekend of January 21-22, 2022, a full month before San Francisco filed its opening appeal brief. Emery Decl., Exh. B. Nothing in plaintiffs' motion suggests his recuperation interfered with his ability to work on the appeal after February 21, 2023, when San Francisco filed its opening appeal brief. Indeed, on February 16, 2023, Mr. Pfeiffer signed

plaintiffs' opposition to San Francisco's motion to stay the injunction pending appeal; and on February 28, 2023, Mr. Pfeiffer signed plaintiffs' First Amended Complaint and the accompanying attestation, indicating Mr. Pfeiffer has been actively litigating this case throughout the relevant time frame. See N.D. Cal. Dkt. Nos. 105, 111. Given that Mr. Pfeiffer himself signed this motion for extension of time, plaintiffs' silence on these relevant circumstances is particularly telling.

Likewise obscuring the absence of any actual calendar conflict, plaintiffs next note that Mr. Lee was occupied with an ITC matter "for part of this past month." Dkt. No. 23, at pp. 8-9. Again, plaintiffs do not provide the dates or circumstances of Mr. Lee's unavailability. In fact, the ITC conducted Mr. Lee's evidentiary hearing from February 15-17, 2023. Emery Decl., Exh C. Accordingly, Mr. Lee's ITC matter concluded well before San Francisco filed its opening brief on appeal. Plaintiffs provide no explanations, or facts that could support an inference, how Mr. Lee's ITC hearing had any impact on his ability to focus on this appeal during the relevant time frame.

Finally, plaintiffs state that Mr. Shroff was "out of office during the two weeks immediately following the filing of Appellees' [sic] opening brief," and that Mr. Do "was out on leave for COVID-19 during this time . . . and will be out of the office the final weeks of March." Plaintiffs do not explain why Mr. Shroff and Mr. Do scheduled their vacations during the month when plaintiffs' answering brief was due.[3] Even accepting these statements at face value, just two out of the 11

---

[3] Plaintiffs' request for additional time for their answering brief contrasts sharply with plaintiffs' repeated refusals to allow: (1) additional time to San Francisco to respond to plaintiffs' 970-page preliminary injunction motion (7-ER-1506-1512); (2) *one additional day* to respond to a meet-and-confer demand when the particular attorney who had been handling the issue for several weeks was traveling back to San Francisco from an East Coast visit to his 97-year-old mother, who had been injured in a fall (Emery Decl., ¶¶ 6-7 & Exh. D); or (3) additional time to respond to Plaintiffs' First Amended Complaint, which comprises 98 pages and 338 numbered paragraphs of factual allegations (Emery Decl., Exh. A).

attorneys assigned to this case have established unavailability for a portion of the one-month period (Feb 21-March 21) available for drafting plaintiffs' answering brief. Mr. Shroff's and Mr. Do's limited absences do not rise to the "substantial need" necessary to support plaintiffs' motion for extension of time.

## II. Delaying This Appeal Would Cause Prejudice To San Francisco And The Public Interest.

The Court has made its streamlined extension procedure unavailable for "any brief filed in a Preliminary Injunction Appeal." Ninth Circuit Rule 31-2.2(a)(3). This ineligibility for automatic extensions of time reflects the urgency that typically attaches to preliminary injunction appeals.

This case magnifies the usual urgency of preliminary injunction appeals, because of the injunction's broad impact on San Francisco and its 800,000 residents and visitors. The injunction prohibits San Francisco from enforcing its duly enacted laws. The injunction removes San Francisco's authority to determine where homeless encampments will be, and whether its sidewalks are clear and accessible. The injunction eliminates important and effective tools for managing the difficult issues of homelessness on San Francisco's streets. Moreover, as explained above, settlement discussions have stalled while this appeal remains pending, while the parties await guidance from this Court. In the meantime, San Francisco must continue to comply with the disputed injunction. Plaintiffs rejected San Francisco's offer to extend the briefing schedule if plaintiffs agreed to stay the injunction pending resolution of the appeal, which would have ameliorated the prejudice to San Francisco and to the public. Plaintiffs declined that offer and now cannot further delay resolution of this appeal.

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' motion for extension of time.

Dated: March 16, 2023                    Respectfully submitted,

DAVID CHIU
City Attorney
YVONNE R. MERÉ
WAYNE SNODGRASS
MEREDITH B. OSBORN
JAMES M. EMERY
EDMUND T. WANG
KAITLYN M. MURPHY
RYAN C. STEVENS
MIGUEL A. GRADILLA
Deputy City Attorneys

By: _s/James M. Emery_____
JAMES M. EMERY

Attorneys for Defendants and Appellants
CITY AND COUNTY OF SAN
FRANCISCO; SAN FRANCISCO POLICE
DEPARTMENT; SAN FRANCISCO
DEPARTMENT OF PUBLIC WORKS;
SAN FRANCISCO DEPARTMENT OF
HOMELESSNESS AND SUPPORTIVE
HOUSING; SAN FRANCISCO FIRE
DEPARTMENT; SAN FRANCISCO
DEPARTMENT OF EMERGENCY
MANAGEMENT

## DECLARATION OF JAMES M. EMERY

I, James M. Emery, hereby declare:

1.      I am a member in good standing of the bar of this Court and counsel of record for Appellants in this action (collectively, "San Francisco"). I submit this declaration in support of San Francisco's Opposition to Appellees' Motion for Extension of Time to File Answering Brief. If called as a witness, I could and would testify competently to the matters set forth herein.

2.      Attached hereto as Exhibit A is a true and correct copy of an email that Deputy City Attorney Miguel Gradilla sent to plaintiffs' counsel on March 7, 2023.

3.      Attached hereto as Exhibit B is a true and correct copy of an email that I received from plaintiffs' counsel, Mr. Zal Shroff, on January 24, 2023.

4.      Attached hereto as Exhibit C is a true and correct copy of a screenshot from the ITC's website, visited March 16, 2023. The website address is https://ids.usitc.gov/case?type=basic.

5.      On December 27, 2022, the parties began meeting and conferring regarding expedited periodic disclosures of information plaintiffs sought to monitor compliance with the preliminary injunction. I have been the attorney primarily responsible for this issue for San Francisco. My primary contact on this issue beginning on December 27, 2022 and for several weeks thereafter was plaintiffs' counsel John Do. Since mid-February, however, all my communications on the issue have been with Mr. Do's co-counsel, Ms. Hadley Rood.

6.      I was on the East Coast February 24, 2023, until March 6, 2023, visiting my adult daughter and my 97-year-old mother, who was recovering from a fall. Plaintiffs at the time were demanding that San Francisco provide its portion of a joint discovery letter by Monday March 6, my first day back in the office. San Francisco requested a one-day extension of plaintiffs' unilaterally imposed

deadline so I could meaningfully participate in preparing San Francisco's inserts to the joint discovery letter, but plaintiffs refused. Attached hereto as Exhibit D is a true and correct copy of an email exchange between Ms. Rood and my colleague Ryan Stevens, who had stepped in to cover the issue in my absence.

7.      Plaintiffs filed their First Amended Complaint in the district court on February 28, 2023. The FAC's signature block identifies eleven attorneys for plaintiffs. They are: (1) Zal K. Shroff, MJP 804620, pro hac vice; (2) Elisa Della-Piana, SBN 226462; (3) Hadley Rood, SBN 348168; (4) John Thomas H. Do, SBN 285075; (5) Brandon L. Greene, SBN 293783; (6) Alfred C. Pfeiffer, Jr., SBN 120965; (7) Wesley Tiu, SBN 336580; (8) Kevin Wu, SBN 337101; (9) Tulin Gurer, SBN 303077; (10) Joseph H. Lee, SBN 248046; and (11) Rachel Mitchell, SBN 344204.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed March 16, 2023 in San Francisco, California.

_____
JAMES M. EMERY

**EXHIBIT A**

**TO**

**DECLARATION OF JAMES M. EMERY IN SUPPORT OF APPELLANTS' OPPOSITION TO APPELLEES' MOTION FOR EXTENSION OF TIME TO FILE ANSWERING BRIEF**

| From: | Gradilla, Miguel (CAT) |
|---|---|
| To: | "Hadley Rood"; Emery, Jim (CAT); Stevens, Ryan (CAT); Wang, Edmund (CAT); Snodgrass, Wayne (CAT); Murphy, Kaitlyn (CAT); Garcia, Sophia (CAT); Cheeseborough, Pamela (CAT) |
| Cc: | Zal Shroff; Elisa Della-Piana; John Do; Brandon Greene; kevin.wu@lw.com; Joseph Lee; Wesley Tiu; Al Pfeiffer; Tulin Gurer; Rachel Mitchell (SD); sf.probono.unhoused.persons.litigation@lw.com |
| Subject: | RE: COH v. SF - Amended Complaint - Courtesy Copy |
| Date: | Tuesday, March 7, 2023 10:10:06 PM |

Thanks for your email, Hadley. As you know, we are asking the Ninth Circuit to vacate the preliminary injunction, which is separate and apart from the City's response to the complaint. If Defendants agree to a month-long extension for Plaintiffs to file their appellate answering brief, our clients would be prejudiced as such an extension would deny our clients their requested relief of lifting the injunction as soon as possible by significantly delaying adjudication of the appeal. We'll proceed with our responsive pleading on the standard schedule.

**Miguel A. Gradilla** (he/him)
Deputy City Attorney
Complex and Affirmative Litigation Team
Office of City Attorney David Chiu
(415) 554-3870 Direct
www.sfcityattorney.org

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Thursday, March 2, 2023 1:03 PM
**To:** Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; Cheeseborough, Pamela (CAT) <Pamela.Cheeseborough@sfcityatty.org>
**Cc:** Zal Shroff <zshroff@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; John Do <jdo@aclunc.org>; Brandon Greene <bgreene@aclunc.org>; kevin.wu@lw.com; Joseph Lee <Joseph.Lee@lw.com>; Wesley Tiu <Wesley.Tiu@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; sf.probono.unhoused.persons.litigation@lw.com
**Subject:** Re: COH v. SF - Amended Complaint - Courtesy Copy

Miguel,

As the redline makes clear, the amended complaint is largely unchanged from the version Defendants have had for months now and so Plaintiffs do not see any reason Defendants require more time to respond. Nevertheless, to avoid burdening the Court with motion practice and in return for Defendants not opposing an extension of time for Plaintiffs to file their response in Defendants' Ninth Circuit appeal of the preliminary injunction order to April 18, Plaintiffs would not oppose the requested extension. Please confirm whether Defendants will also not oppose.

Thank you,
Hadley

---

**From:** Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Date:** Tuesday, February 28, 2023 at 12:31 PM
**To:** Hadley Rood <hrood@lccrsf.org>, Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>, Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>, Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>, Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>, Cheeseborough, Pamela (CAT) <Pamela.Cheeseborough@sfcityatty.org>
**Cc:** Zal Shroff <zshroff@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, John Do <jdo@aclunc.org>, Brandon Greene <bgreene@aclunc.org>, kevin.wu@lw.com <kevin.wu@lw.com>, Joseph Lee <Joseph.Lee@lw.com>, Wesley Tiu <Wesley.Tiu@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>, sf.probono.unhoused.persons.litigation@lw.com <sf.probono.unhoused.persons.litigation@lw.com>
**Subject:** RE: COH v. SF - Amended Complaint - Courtesy Copy

Thanks for sending us the First Amended Complaint, Hadley. Given that the FAC is over 300 paragraphs long, will Plaintiffs stipulate to extend the time for Defendants to respond to it to March 28, 2023? If so, we can circulate a proposed stipulation. Please let us know.

Miguel A. Gradilla (he/him)
Deputy City Attorney
Complex and Affirmative Litigation Team
Office of San Francisco City Attorney David Chiu
(415) 554-3870

---

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Monday, February 27, 2023 9:04 AM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; Cheeseborough, Pamela (CAT) <Pamela.Cheeseborough@sfcityatty.org>
**Cc:** Zal Shroff <zshroff@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; John Do <jdo@aclunc.org>; Brandon Greene <bgreene@aclunc.org>; kevin.wu@lw.com; Joseph Lee <Joseph.Lee@lw.com>; Wesley Tiu <Wesley.Tiu@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; sf.probono.unhoused.persons.litigation@lw.com

**Subject:** Re: COH v. SF - Amended Complaint - Courtesy Copy

Jim, Wayne, Ryan, Kaitlyn, and Miguel,

Because it is unlikely our ability to review relevant evidence will change within the next two weeks, Plaintiffs have chosen not to pursue an extension. Accordingly, attached please find Plaintiffs' First Amended Complaint, with changes in redline, as a courtesy copy. As you will note, we have removed Mayor Breed and Sam Dodge in their official capacities and have added no new legal causes of action as of this time. These amendments comply with the Court's January 12 Order and we will be filing the amended complaint tomorrow pursuant to that order. Please confirm receipt at your convenience.

Best regards,
Hadley

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Date:** Tuesday, February 21, 2023 at 9:30 PM
**To:** Hadley Rood <hrood@lccrsf.org>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>, Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>, Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** Zal Shroff <zshroff@lccrsf.org>, Elisa Della-Piana <edellapiana@lccrsf.org>, John Do <jdo@aclunc.org>, Brandon Greene <bgreene@aclunc.org>, kevin.wu@lw.com <kevin.wu@lw.com>, Joseph Lee <Joseph.Lee@lw.com>, Wesley Tiu <Wesley.Tiu@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>, sf.probono.unhoused.persons.litigation@lw.com <sf.probono.unhoused.persons.litigation@lw.com>
**Subject:** RE: COH v. SF - Amended Complaint Timeline

Hi Hadley,

San Francisco has no objection to the additional time plaintiffs request to file an amended complaint. The Court directed plaintiffs to circulate the proposed amended complaint promptly after the January 12 hearing, to allow the parties to meet and confer and if possible avoid another 12(b)(6) motion. The Court did not contemplate the allegations in the amended complaint would depend on extended discovery. It seems unlikely that documents in the city's custody or control would shed light on personal motivations unrelated to her official duties Mayor Breed may have harbored when she allegedly took the actions that plaintiffs complain of.

Given plaintiffs' rebuff of San Francisco's invitation to meet and confer on protocols to limit

the 9 million emails San Francisco has identified in its initial search for potentially responsive documents, it does not seem prudent for plaintiffs to wait until the completion of fact discovery before drafting their proposed first amended complaint.  I do not expect San Francisco to have completed processing these 9 million emails and other electronic discovery within the additional two weeks you are proposing.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Tuesday, February 21, 2023 3:30 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** Zal Shroff <zshroff@lccrsf.org>; Elisa Della-Piana <edellapiana@lccrsf.org>; John Do <jdo@aclunc.org>; Brandon Greene <bgreene@aclunc.org>; kevin.wu@lw.com; Joseph Lee <Joseph.Lee@lw.com>; Wesley Tiu <Wesley.Tiu@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Tulin Gurer <Tulin.Gurer@lw.com>; Rachel Mitchell (SD) <Rachel.Mitchell@lw.com>; sf.probono.unhoused.persons.litigation@lw.com
**Subject:** COH v. SF - Amended Complaint Timeline

Jim:

As discussed at the hearing on January 12, we are considering amending our complaint to bring claims against Mayor London Breed in her individual capacity for personally ordering sweeps of unhoused residents. Part of our evaluation of this claim depends on our ability to review relevant evidence—something we have been unable to do as Defendants have only disclosed a single document in response to Plaintiffs' Requests for Production.

We do not believe that these claims should be brought lightly or prematurely, and expect Defendants likely agree. Therefore, we ask whether Defendants would agree to a two-week extension of the February 28 deadline to amend the complaint without leave, so that Plaintiffs could take the time to review the relevant evidence as needed to thoroughly evaluate the claim and its potential impacts to the overall case.

Please let us know if you will stipulate to an extension or your position on a motion for extension.

Sincerely,
Hadley Rood

**Hadley Rood (she/her)**

UC Berkeley Public Interest Fellow
Lawyers' Committee for Civil Rights of the
San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.221
Fax: (415) 543-0296
www.lccrsf.org

**EXHIBIT B**

**TO**

**DECLARATION OF JAMES M. EMERY IN SUPPORT OF APPELLANTS'
OPPOSITION TO APPELLEES' MOTION FOR EXTENSION OF TIME
TO FILE ANSWERING BRIEF**

| | |
|---|---|
| **From:** | Zal Shroff |
| **To:** | Emery, Jim (CAT); "Brittany Sims"; Elisa Della-Piana; Brandon Greene; Brandon Greene; Joseph Lee; kevin.wu@lw.com; Rachel Mitchell (SD); Tulin Gurer; Wesley Tiu; Al Pfeiffer; Wang, Edmund (CAT); jim.emery@sfgov.org; Osborn, Meredith (CAT); Snodgrass, Wayne (CAT); Mere, Yvonne (CAT) |
| **Subject:** | Re: 4:22-cv-05502-DMR Coalition on Homelessness et al v. City and County of San Francisco et al |
| **Date:** | Tuesday, January 24, 2023 4:56:30 PM |
| **Attachments:** | image001.png |

Dear Ms. Sims:

In addition to the people identified in Plaintiffs' settlement conference statement, Ian James and Julian Highsmith, the Coalition on Homelessness' Director of Organizing and Director of Policy, respectively, intend to participate in tomorrow's settlement conference.

Unfortunately, Al Pfeiffer, who is a member of the counsel team for Plaintiffs, suffered a serious vehicle accident over the weekend and is recuperating. Mr. Pfeiffer may be unable to join the settlement conference tomorrow, or may attend but ask the Court's leave to be off-camera for portions of the conference. All other counsel identified in Plaintiffs' settlement conference statement will be in attendance.

Plaintiffs will also seek the Court's permission for Laiba Waqas, LCCRSF's Legal Intern, to attend the settlement conference from 9AM-3PM for the purposes of professional development if the Court is comfortable with Ms. Waqas attending.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Date:** Tuesday, January 24, 2023 at 11:54 AM
**To:** 'Brittany Sims' <Brittany_Sims@cand.uscourts.gov>, Elisa Della-Piana <edellapiana@lccrsf.org>, Zal Shroff <zshroff@lccrsf.org>, Brandon Greene <bgreene@aclunc.org>, Brandon Greene <bgreene@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, "kevin.wu@lw.com" <kevin.wu@lw.com>, "Rachel Mitchell (SD)" <Rachel.Mitchell@lw.com>, Tulin Gurer <Tulin.Gurer@lw.com>, Wesley Tiu <Wesley.Tiu@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>, "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>, "jim.emery@sfgov.org" <jim.emery@sfgov.org>, "Osborn, Meredith (CAT)" <Meredith.Osborn@sfcityatty.org>, "Snodgrass, Wayne (CAT)" <Wayne.Snodgrass@sfcityatty.org>, "Mere, Yvonne (CAT)" <Yvonne.Mere@sfcityatty.org>
**Subject:** 4:22-cv-05502-DMR Coalition on Homelessness et al v. City and County of San

Francisco et al

Dear Ms. Sims,

In addition to the people identified in San Francisco's settlement conference statement, Mr. Sean Elsbernd, Mayor Breed's Chief of Staff, intends to participate in tomorrow's settlement conference.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

**EXHIBIT C**

**TO**

**DECLARATION OF JAMES M. EMERY IN SUPPORT OF APPELLANTS'
OPPOSITION TO APPELLEES' MOTION FOR EXTENSION OF TIME
TO FILE ANSWERING BRIEF**

 

Case > Investigation

Case: 23-15087, 03/16/2023, ID: 12675661, DktEntry: 25, Page 24 of 49

Certain Movable Barrier Operator Systems and Components Thereof; Inv. No. 337-TA-1209 (Enforcement) ⊗

# Investigation 337-1209

Certain Movable Barrier Operator Systems and Components Thereof; Inv. No. 337-TA-1209 (Enforcement)

`VIO`  `ENFI`  `MODI`

## IDENTIFYING INFORMATION

**Full Title:** Certain Movable Barrier Operator Systems and Components Thereof; Inv. No. 337-TA-1209 (Enforcement)

| | |
|---|---|
| **Investigation Number:** 337-1209 | **Docket Number:** 3627 |
| **Investigation Type:** Unfair Imports | **Investigation Categories:** 337 – Unfair Imports |

**Topic:** Certain Movable Barrier Operator Systems and Components Thereof

| | |
|---|---|
| **Investigation Phase:** Enforcement | **Phase Number:** 1 |

**Investigation Status:** Pending before the ALJ   ⊙≡

### Procedural History: Investigation Status

| | Change Reason | Change Effective Date |
|---|---|---|
| Pending before the ALJ | | 07/31/2022 |
| Pre-institution | N/A | 06/30/2022 |

**F.R. Citation for Notice of Institution:** 87 FR 48039

**Case Manager:** Chelsy.Weber

## CONSOLIDATED INVESTIGATIONS

*There are no records of this type.*

## PARTICIPANTS

| » | Participant Type | Name | Active Date | Inactive Date | |
|---|---|---|---|---|---|
| › | Complainant | GMI Holdings Inc. - Mount Hope, Ohio United States of America | 07/01/2022 | | |
| › | Complainant | Overhead Door Corporation - Lewisville, Texas United States of America | 07/01/2022 | | |

Case: 23-15087, 03/16/2023, ID: 12675661, DktEntry: 25, Page 25 of 49

| > | Respondent | The Chamberlain Group, Inc. - Oak Brook, Illinois United States of America | 07/01/2022 |
|---|---|---|---|

## PROCEDURAL SCHEDULE

| | |
|---|---|
| Initiating Document Received Date: 07/01/2022 | Start Date: 08/01/2022 |

Date of Publication of FR Notice (NOI): 08/05/2022

| Hearing/Conf Start Date: 02/15/2023 | Hearing/Conf End Date: 02/17/2023 | Hearing/Conf Suspended/Canceled: |
|---|---|---|
| Initial Determination Type: | | Initial Determination Date: 05/08/2023 |
| Final Determination Type: | | Final Determination Date: |

Target Date: 08/07/2023

Investigation Termination Date:

## UNFAIR ACTS

| >> | Is Instituted? | Unfair Act in Notice | Active Date | Inactive Date | Unfair Act Expiration Date |
|---|---|---|---|---|---|
| > | | Patent Infringement | 07/01/2022 | | |

## INTELLECTUAL PROPERTY

| Is Instituted? | Type | Number | Active Date | Inactive Date | IP Expiration Date |
|---|---|---|---|---|---|
| | Patent | 7,956,718 | 07/01/2022 | | 12/16/2024 |
| | Patent | 8,410,895 | 07/01/2022 | | 12/16/2024 |
| | Patent | 9,483,935 | 07/01/2022 | | 05/16/2031 |

## HTS NUMBERS

### CATEGORY BASKET

Category Basket:

## HTS NUMBER LIST

There are no records of this type.

## HISTORIC HTS NUMBER LIST

There are no records of this type.

### ASSOCIATED LITIGATION

There are no records of this type.

### STAFF

*These are internal ITC staff members associated with this investigation.*

## OUII PARTICIPATION

| OUII Participation Date: | OUII Participation Level: |
|---|---|

## STAFF LIST

| » | Is Active? | Staff Assigned Type | Staff Name | Staff Active Date | Staff Inactive Date | |
|---|---|---|---|---|---|---|
| > | | OUII Investigative Attorney | Aaron Rauh | 08/03/2022 | | |
| > | | ALJ | Clark Cheney | 08/02/2022 | 09/27/2022 | |
| > | | OUII Supervisory Attorney | David Lloyd | 08/03/2022 | | |
| > | | GC Attorney | Houda Morad | 07/01/2022 | | |
| > | | ALJ | MaryJoan McNamara | 09/27/2022 | | |
| > | | GC Supervisor | Megan Valentine | 07/01/2022 | | |
| > | | ALJ Attorney Advisor | Pyong Yoon | 08/02/2022 | | |

Case: 23-15087, 03/16/2023, ID: 12675661, DktEntry: 25, Page 26 of 49

## INTERNAL REMANDS

*There are no records of this type.*

## UNFAIR IMPORT ORDERS

| Order Title | Order Type | Order Status | |
|---|---|---|---|
| 337-1209 Limited Exclusion Order | Limited Exclusion Order | Modified | 👁 |
| 337-1209 The Chamberlain Group, Inc. Cease & Desist Order | Cease & Desist Order | Modified | 👁 |

## DOCUMENT LINKS

### EDIS DOCUMENTS

| Document Id | Doc Type | Title | Received Date | |
|---|---|---|---|---|
| 777270 | Notice | F.R. Notice of Institution of Formal Enforcement Proceeding | 08/05/2022 | View Document |
| 776792 | Order, Commission | Commission Order | 08/01/2022 | View Document |

### EDIS SEARCHES

Amendments to the NOI for investigation 337-1209

Complaints for investigation 337-1209

### NEWS RELEASES

ITC News Articles for investigation 337-1209

### OTHER DOCUMENTS

*There are no records of this type.*

*There are no records of this type.*

© 2023 United States International Trade Commission
v1.4.10

An official website of the United States government.

Case: 23-15087, 03/16/2023, ID: 12675661, DktEntry: 25, Page 28 of 49

**EXHIBIT D**

**TO**

**DECLARATION OF JAMES M. EMERY IN SUPPORT OF APPELLANTS'
OPPOSITION TO APPELLEES' MOTION FOR EXTENSION OF TIME
TO FILE ANSWERING BRIEF**

| | |
|---|---|
| **From:** | Hadley Rood |
| **To:** | Stevens, Ryan (CAT); Emery, Jim (CAT); Snodgrass, Wayne (CAT); Murphy, Kaitlyn (CAT); Gradilla, Miguel (CAT) |
| **Cc:** | John Do; Joseph Lee; Al Pfeiffer; sf.probono.unhoused.persons.litigation@lw.com; Zal Shroff |
| **Subject:** | Re: COH v SF: m/c on ongoing productions |
| **Date:** | Monday, March 6, 2023 4:42:12 PM |
| **Attachments:** | image011.png |
| | image015.png |
| | image017.png |
| | image019.png |
| | image021.png |

Ryan,

Thank you for the information, but we continue to insist that you provide Defendants' portion for the joint dispute letter as previously requested. Nonetheless, please find our counterproposals and clarifications to the points raised in your email from Friday:

1. Plaintiffs would be agreeable to this definition but would ask that the second sentence specifying HSOC and JFO operations be struck. Although Plaintiffs agree that it appears both HSOC resolutions and JFO operations meet the definition, we would request that Defendants provide Plaintiffs with **all** notices of sweeps that meet the definition of involving two or more City departments, should they arise. If the only sweeps that meet this definition are, as Defendants represent, the HSOC and JFO operations, then Defendants' clarification is unnecessary; conversely, if there are additional sweeps that meet the definition, then Defendants should provide notice of them, not just HSOC and JFO operations.

2. Plaintiffs previously included requiring Defendants to provide the DPW 72-hour notices of property removal, which are evidence of single-department pre-planned sweep operations set to occur 72 hours after notice has been posted. Defendants removed this language in a prior revision but, as we have seen examples of these notices being used, Plaintiffs maintain that it would be appropriate for Defendants to provide them, as well as the other DPW-specific notices already listed in the proposed stipulation. We previously raised examples of this, but attached is a recent notice.

3. Thank you for confirming that Defendants will provide all incident reports for the enjoined ordinances. To clarify the issue with the dispatch data, the publicly available data does not provide details around the underlying reasons for the dispatch and the City's account of what happened, which is why Plaintiffs are seeking the dispatch records at issue.

4. Although Defendants have not provided a specific proposal, Plaintiffs remain agreeable to some compromise language in which Defendants agree to expedite production of documents Plaintiffs identify as responsive to these disclosures in the course of responding to Plaintiffs' requests for production.

We note you did not address all of our proposals, such as timing on body cam footage. In further attempt to reach an agreeable compromise, we are willing to delay submitting the joint discovery dispute letter until Wednesday to give Defendants even more time to respond to our counter-proposals and feedback. Please provide Defendants' response by 5pm tomorrow so that we can determine whether these issues can be resolved or if we are still at an impasse such that submitting a discovery dispute letter on Wednesday will be necessary.

Sincerely,

Hadley

---

**From:** Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>
**Date:** Friday, March 3, 2023 at 1:00 PM
**To:** Hadley Rood <hrood@lccrsf.org>, Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>,
Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT)
<Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer
<Al.Pfeiffer@lw.com>, sf.probono.unhoused.persons.litigation@lw.com
<sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Counsel-

Thank you for your email. Although we continue to disagree that the parties are at an impasse and
therefore that a discovery letter is appropriate, we take Plaintiffs at their word that they intend to
file a discovery letter on Monday regardless of whether the parties are able to continue meeting and
conferring about these issues. We will provide our portions of a joint letter on Monday. As discussed
at the meet and confer, the primary attorney conferring on these issue for Defendants is out of the
office until Monday. When Defendants asked as a matter of professional courtesy for an extension
until Tuesday so that attorney could meaningfully participate in our statement, Plaintiffs refused,
stating that Defendants would have the opportunity for counsel to participate because Plaintiffs did
not intend to file their discovery letter until Monday, the day he returned. Accordingly, Plaintiffs new
request that Defendants provide their portion of the statement by mid-day Friday would upend
Plaintiffs' position at the meet and confer.

Regarding the specific areas we have disputes, please see the below for a clarified positions from
Defendants.

**1)       Definition over what operations the City will give Plaintiffs advance notice.**
Defendants propose the following language: "Defendants shall provide to Plaintiffs' counsel 72-
hours advance notice of the date, time, and location of any pre-planned homeless encampment
resolution involving two or more City departments.  Specifically, the City will provide advance notice
of HSOC and JFO pre planned operations, which are the only operations the City understands to
meet this definition."
Note: Although we do not view the work performed by JFO as an encampment resolution per se,
they do provide offers of shelter and ask people to move tents to enable them to clean.  Accordingly,
we are willing to provide advance notice of their operations. JFO operates only in the Tenderloin and
was created as part of the City's COVID emergency response.

**2)       Clarification over DPW advance notice**
During the meet and confer call, Defendants asked Plaintiffs what DPW advance notices they believe
are not already covered by the draft stipulation. Plaintiffs could not identify any instances and it

appeared Plaintiffs agreed that DPW's operations would fall outside the "pre-planned" limitation in the proposed stipulation. Accordingly, we do not see a difference of opinion on this point. If Plaintiffs believe there is additional DPW activity that should be included in the proposed stipulation, please let us know so we can investigate it and consider whether it would be appropriate to add.

**3)        SFPD Incident Report Data**

Can Plaintiffs clarify what is at issue here? Based on the joint letter Plaintiffs seem to be seeking a detailed dispatch report our client does not think exists.  We are also not sure why Plaintiffs seek a randomized sample of dispatch data.  As previously explained—all dispatch information is publicly available online. The dispatch data includes location information and is searchable. We provided that link on January 27, 2023 in a letter from Jim Emery.

As to incident reports regarding citations for any of the enjoined statutes, we agree to provide those reports to the extent they exist and those citations were against people experiencing homelessness. I note that our production includes data reflecting the date those citations were last issued and there does not appear to be any such citations since the injunction was entered.

**4)        Discovery over materials dating back to the entry of the injunction**

Plaintiffs will receive much of this information in Defendants initial production.  We are willing to discuss what other information Plaintiffs still need to satisfy this request after Plaintiffs have reviewed the initial production.  Defendants continue to believe this information is properly considered part of the normal discovery process, not the accelerated discovery process, but we are willing to have further conversations about how to satisfy this request so that we can avoid unnecessary motion practice.


**Ryan C. Stevens**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3975 Direct
www.sfcityattorney.org

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Wednesday, March 1, 2023 3:38 PM
**To:** Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>; sf.probono.unhoused.persons.litigation@lw.com; Zal Shroff <zshroff@lccrsf.org>
**Subject:** Re: COH v SF: m/c on ongoing productions

Ryan,

As discussed during our meet and confer on Monday, please find attached an updated joint letter and proposed order reflecting the parties' ongoing disputes surrounding continuing disclosures. It is

largely the same as the letter we provided last week. Please provide your additions by mid-Friday.  While we are still open to pursuing resolution of these matters based on any additional information Defendants can provide, the importance of raising this months'-long dispute for the Court means that we will plan to file this letter on March 6, 2023, pursuant to Judge Ryu's standing order, absent agreement on the disputed issues.

Sincerely,
Hadley

---

**From:** Hadley Rood <hrood@lccrsf.org>
**Date:** Saturday, February 25, 2023 at 12:31 PM
**To:** Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>, Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>, Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>, sf.probono.unhoused.persons.litigation@lw.com <sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** Re: COH v SF: m/c on ongoing productions

Ryan,

We are available to meet and confer at 2:30 PM on Monday. We will circulate a dial-in in advance of the call.

On the call, we would ask that the City be prepared with its final compromise position as to the disclosures.

Thank you,
Hadley

---

**From:** Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>
**Date:** Saturday, February 25, 2023 at 8:00 AM
**To:** Hadley Rood <hrood@lccrsf.org>, Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>, Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>, sf.probono.unhoused.persons.litigation@lw.com <sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Hadley,

We are available for a meet and confer at your convenience on Monday between 11:30AM and 4PM. Can you please circulate a dial-in?

While Defendants disagree with the factual summary in your email and the conclusions you draw from it, I don't think it would be productive to rehash each of those disagreements here. Instead Defendants request that the parties add to the meet and confer agenda the concerns Jim raised with respect to Plaintiffs' proposed letter brief on February 23, to which Plaintiffs did not respond.

Regards,
Ryan

**Ryan C. Stevens**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-3975 Direct
www.sfcityattorney.org

---

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Friday, February 24, 2023 2:10 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>; sf.probono.unhoused.persons.litigation@lw.com; Zal Shroff <zshroff@lccrsf.org>
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim, Wayne, Ryan, Kaitlyn, and Miguel,

We have met and conferred on this issue repeatedly for close to two months. We first met and conferred as to ongoing disclosures on December 29, 2022 and again on January 18 and January 27, 2023 by phone, as well as continuously by email, most recently in our exchange between January 30 and February 17 regarding the proposed stipulation. We have repeatedly expressed our concerns about compliance and Defendants' delay in having informed discussions. Though Defendants began producing notices of scheduled HSOC encampment resolutions, the Parties have not been able to reach agreement as to the definition of a "planned homeless encampment resolution." Because Defendants refused to provide any other disclosures, on January 12, 2023, we asked for your availability to meet and confer on January 13. You stated that you needed more time and were unavailable. We finally met and conferred on January 18, 2023, at which time we were unable to reach agreement on most issues and you asked for more time to speak with your clients.

Given the time-sensitive nature of our requests, we repeatedly reminded the City that we would need to avail ourselves of the dispute process if the parties could not come to agreement quickly. Accordingly, on January 13, immediately after our case management hearing, we asked the City to be prepared to submit a joint dispute letter to seek resolution from the Court. We again attempted

to initiate the discovery dispute resolution process on January 24, 2023 by sending you a joint letter. On January 25, you asked for an additional meet and confer on January 26, which we promptly accepted. You then postponed that meet and confer to the next day. Based on representations the City made on that call, we agreed to defer raising the issue with the Court to work out a stipulation regarding the disclosures.

We then worked diligently over several more weeks to try to reach agreement, exchanging numerous emails and drafts of a proposed stipulation, but we were still unable to agree on a number of vital issues. The proposed stipulation we sent on February 14, 2023 was final, and we again noted that we would need to begin the discovery dispute resolution process if you were not in agreement. Your response on February 17 confirmed that we failed to reach agreement and were at an impasse, and we informed you that same day that we would be proceeding with the dispute resolution process.

Your insistence that we continue to delay seeking relief from the Court is an abuse of the discovery dispute resolution process. Plaintiffs have no way to meaningfully assess Defendants' compliance with the Preliminary Injunction without these disclosures, as we continue to receive reports of ongoing harms caused by Defendants. Evidence of noncompliance is not necessary to justify Plaintiffs' requested disclosures, but it certainly supports these asks and is why we cannot indulge in further delay.

In any event, we can make ourselves available for a final meet and confer today—February 24—or Monday, February 27. Defendants have plenty of other attorneys on this case (including six line deputy city attorneys) who can handle this matter.

If the City is unwilling to meet on either of these days, we will need to file a unilateral letter on Monday as provided by the Court's standing order. This will ensure the matter is briefed as soon as Judge Ryu is available. We are still open to discussing the issue in the interim, and if the parties are able to resolve the matter, we can withdraw the dispute. But we cannot continue this already months-long process with no assurance that the parties can come to agreement.

Finally, we reserve our right to file an appropriate motion regarding concerns we have about Defendants' noncompliance with the Preliminary Injunction when we see fit. (Dkt. #105, 14:8-10.)

Again, please let us know by the end of the day today your availability to meet and confer either today or Monday.

Sincerely,
Hadley

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Date:** Thursday, February 23, 2023 at 6:46 PM
**To:** Hadley Rood <hrood@lccrsf.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer

<Al.Pfeiffer@lw.com>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>, Snodgrass, Wayne
(CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT)
<Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>,
sf.probono.unhoused.persons.litigation@lw.com
<sf.probono.unhoused.persons.litigation@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Hadley,

It is premature to submit a joint discovery letter to the Court.  The letter you circulated last
night violates Judge Ryu's standing order in several respects.  First, Judge Ryu requires the
parties' final meet-and-confer session to be in person, on the telephone, or by
videoconference.  The parties' last phone call on this topic was January 27.  The emails we've
exchanged over the last four weeks do not satisfy Judge Ryu's requirement for meeting and
conferring in person.  Second, Plaintiffs did not include their "final proposed compromise" in
the body of the letter.  Third, Plaintiffs failed "to plan for and cooperate in preparing the joint
letter so that each side has adequate time to address the arguments."  Rather, Plaintiffs
unilaterally declared negotiations at an impasse as of last Friday, and then provided their
portions of a joint letter at 6:40pm on Wednesday, and expected San Francisco to submit its
portions of the joint letter in less than 24 hours.  Fourth, the declarations Plaintiffs intend to
submit with the joint letter directly contravene Judge Ryu's standing order, which expressly
forbids exhibits accompanying a joint discovery letter.

The proposed joint letter further defies Judge Ryu's directions to Plaintiffs at the January 12
status conference.  Any accusations of noncompliance with the preliminary injunction should
be presented through a noticed motion, properly supported with admissible evidence, not
through an administrative motion and not through a joint discovery letter.  "If Plaintiffs believe
that there is grounds to move for contempt, for violation or noncompliance with the preliminary
injunction order or for appointment of monitor, **Plaintiffs need to pursue those issues as a
regularly noticed motion with a full record**. And we will see how it goes; okay."  (Tr. Jan 12, 2023, at
25, emphasis supplied.)

Furthermore, there is no advantage to anyone in submitting the joint letter to the Court by
next Monday, which is the date you propose below (five business days from last Friday).
Judge Ryu has posted she is unavailable from February 28 through March 17.

With all that in mind, I suggest we continue to work to resolve the remaining issues, and
perhaps avail ourselves of Judge Cisneros's offer to facilitate.  We can schedule a telephonic
meet and confer session when I'm back in the office during the week of March 6.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu

(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Wednesday, February 22, 2023 6:40 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Zal Shroff <zshroff@lccrsf.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>;
Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT)
<Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>;
Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>;
sf.probono.unhoused.persons.litigation@lw.com
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim:

Attached please find Plaintiffs' portion of the joint letter on the issue of periodic productions. Thank
you for notifying us as to when you will be out of the office, and I hope that you have a nice time
with your family.

Because of the protracted nature of this dispute, the months'-long delay in receiving disclosures and
the ongoing harms, Plaintiffs cannot agree to wait until the week of March 6 to submit this issue to
the court. Indeed, the Court's standing order provides this letter is due five business days from
Friday.  If the letter is not finalized by the time you leave, we expect the rest of Defendants'
extensive legal team will be available to make any final adjustments.

Sincerely,
Hadley

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Date:** Wednesday, February 22, 2023 at 10:19 AM
**To:** Hadley Rood <hrood@lccrsf.org>, Zal Shroff <zshroff@lccrsf.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer
<Al.Pfeiffer@lw.com>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>, Snodgrass, Wayne
(CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT)
<Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>,
sf.probono.unhoused.persons.litigation@lw.com
<sf.probono.unhoused.persons.litigation@lw.com>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Hadley,

I've been expecting to receive plaintiffs' portion of a joint letter on the issue of periodic
productions.  I will be out of the office beginning Friday this week, and for the entire following

week.  I'm visiting my daughter and my 97-year old mom on the East Coast.  We may need to wait to submit this issue to the Court until my return, during the week of March 6.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Hadley Rood <hrood@lccrsf.org>
**Sent:** Friday, February 17, 2023 5:08 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Zal Shroff <zshroff@lccrsf.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; sf.probono.unhoused.persons.litigation@lw.com
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim:

We have received your response and reviewed your comments and edits. Having taken those under consideration, it appears we have reached an impasse on a number of issues. As a result, we will proceed with the Court's discovery dispute resolution process, and you can expect to receive our portion of a draft joint letter in the coming week.

Sincerely,
Hadley Rood

**Hadley Rood (she/her)**
UC Berkeley Public Interest Fellow
Lawyers' Committee for Civil Rights of the
San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.221
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Date:** Friday, February 17, 2023 at 12:48 PM
**To:** Zal Shroff <zshroff@lccrsf.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>, Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>, Murphy, Kaitlyn (CAT)

<Kaitlyn.Murphy@sfcityatty.org>, Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>,
Hadley Rood <hrood@lccrsf.org>, sf.probono.unhoused.persons.litigation@lw.com
<sf.probono.unhoused.persons.litigation@lw.com>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Zal,

I've attached my responses, in the comment bubbles and track changes.


**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Tuesday, February 14, 2023 12:18 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>;
Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT)
<Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>;
Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Hadley Rood <hrood@lccrsf.org>;
sf.probono.unhoused.persons.litigation@lw.com
**Subject:** Re: COH v SF: m/c on ongoing productions

Jim:

We have provided further comments in the attached redline. In general, however, it seems we are at
an impasse regarding certain critical parts of the information needed to assess preliminary injunction
compliance—particularly as to prior notice that the City's own policies require, the definition of a
planned encampment resolution for which notice should be provided, and an agreement that the City
will disclose in its initial disclosures records for the 2-3 reporting periods since the preliminary
injunction order was entered and for which Plaintiffs have no present information.

If you cannot agree to the changes we have identified here with our clear explanations as to why, we
will need to prepare separate proposed orders for the Court and will need to proceed with the dispute
resolution process. Please advise whether that will be necessary. If it is, given the now months-long
negotiation process here, we will expect the parties to agree to file a joint letter and competing
proposed orders explaining the points of disagreement by Friday.

We will also note that we are awaiting a response to our meet and confer process regarding
Defendants' failure to produce more than a *single* document in written discovery for discovery
responses due weeks ago, without explaining what diligent search has been conducted to meet
Defendants' discovery obligations. We will expect to meet and confer on this matter before Friday as
outlined in our letter and await your written response. Please provide your availability as soon as
possible.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Date:** Saturday, February 11, 2023 at 3:27 PM
**To:** Zal Shroff <zshroff@lccrsf.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer
<Al.Pfeiffer@lw.com>, "Stevens, Ryan (CAT)" <Ryan.Stevens@sfcityatty.org>, "Snodgrass,
Wayne (CAT)" <Wayne.Snodgrass@sfcityatty.org>, "Murphy, Kaitlyn (CAT)"
<Kaitlyn.Murphy@sfcityatty.org>, "Gradilla, Miguel (CAT)" <Miguel.Gradilla@sfcityatty.org>,
Hadley Rood <hrood@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com"
<sf.probono.unhoused.persons.litigation@lw.com>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Zal,

Thank you for your patience.  I've provided further edits and responded to your comment bubbles.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Tuesday, February 7, 2023 7:03 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>;
Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT)
<Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Hadley
Rood <hrood@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com
**Subject:** Re: COH v SF: m/c on ongoing productions

Hi Jim:

Thank you for these further edits. You will see our additional redlines and comments in the attached.
Please advise once you have had a chance to review. We are hopeful that the parties can prepare to

file the final stipulated order by the end of this week.

Best regards,

 **Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Date:** Monday, February 6, 2023 at 7:54 PM
**To:** Zal Shroff <zshroff@lccrsf.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>, "Stevens, Ryan (CAT)" <Ryan.Stevens@sfcityatty.org>, "Snodgrass, Wayne (CAT)" <Wayne.Snodgrass@sfcityatty.org>, "Murphy, Kaitlyn (CAT)" <Kaitlyn.Murphy@sfcityatty.org>, Hadley Rood <hrood@lccrsf.org>, "sf.probono.unhoused.persons.litigation@lw.com" <sf.probono.unhoused.persons.litigation@lw.com>
**Subject:** RE: COH v SF: m/c on ongoing productions

Hi Zal,

I've put my redlines on top of yours, and responded to your comment bubbles within the document. Ryan will get back to you separately about the proposed protective order.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Friday, February 3, 2023 3:01 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Cc:** John Do <jdo@aclunc.org>; Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Hadley Rood <hrood@lccrsf.org>; sf.probono.unhoused.persons.litigation@lw.com
**Subject:** Re: COH v SF: m/c on ongoing productions

Hi Jim:

Thank you for these edits. We agree we are fairly close here. You will see our additional comments in response to your thoughts below in the attached. We can agree to using the SFPD codes you recommend for the random sampling—with the particulars of randomization worked out between us. We do however want a Boolean search to run across the SFPD database, even if an imperfect one, and are firm in our request for 50 incident reports as a tiny fraction of the responsive material—with the expectation that a robust protective order will adequately address any concerns regarding redaction burden. As promised, we also attach a draft protective order for that purpose here. Please advise once you have reviewed.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Date:** Thursday, February 2, 2023 at 8:46 PM
**To:** Zal Shroff <zshroff@lccrsf.org>
**Cc:** John Do <jdo@aclunc.org>, Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>, "Stevens, Ryan (CAT)" <Ryan.Stevens@sfcityatty.org>, "Snodgrass, Wayne (CAT)" <Wayne.Snodgrass@sfcityatty.org>, "Murphy, Kaitlyn (CAT)" <Kaitlyn.Murphy@sfcityatty.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Dear Zal,

I've attached a track-changes version of the draft stipulation you circulated on Monday afternoon, including my suggested edits. My edits are intended to track more closely to the agreement I thought we reached on our Friday telephone call last week.

Regarding police dispatch data, all dispatch information is publicly available online. The dispatch data includes location information and is searchable. I provided a link to that website in my January 27, 2023 letter to John. For this reason, I've deleted the dispatch data from the proposed stipulation.

I've also attached SFPD's Coding Manual. Each incident report is assigned at least one

and up to three title codes.  For example, if a bank robbery results in a homicide, the incident report will bear both title codes.  I have learned that Boolean searches of incident reports are clunky and unreliable.

I therefore propose that Plaintiffs select incident reports by title code.  Plaintiffs could identify as many title codes as they want, and the random selection of incident reports would come from the universe of incident reports bearing the selected title codes.  I've been advised that the "civil sidewalk" codes are most likely to correlate to relevant incidents.  Other potentially fruitful title codes are "Lodging in Park," "Obstruction on Streets, Sidewalks," and "Obstructing Public Thoroughfare." By contrast, your proposed Boolean searches would capture incident reports where a witness is described as homeless, or a drug dealing arrest occurring in the vicinity of a homeless camp.  I'm happy to discuss further how to select responsive incident reports, and how to randomize them.

Because of the burdens of collecting, processing, and redacting this information, I urge plaintiffs to accept my proposed scaling of the incident reports to 30, rather than 50, every three weeks, and the volume of bodycam footage to 5 hours, and the turnaround time for producing bodycam footage at 14 days.

I'd like us to consider deleting item 2 from the Notices of Ongoing Operations, because DPW has confirmed there are no responsive operations.  I know there was one incidence in which someone from DPW posted a 72-hour notice before removing property.  That was done because the employee misunderstood what was required under the bag-and-tag policy.  If we do not delete this item, I expect there will be no responsive notices.

Finally, I think it makes sense for the disclosures pursuant to this agreement to continue until the close of fact discovery, at which time we can consider the need to extend it.

Happy to discuss further.  I think we're close.



**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

**From:** Zal Shroff <zshroff@lccrsf.org>
**Sent:** Monday, January 30, 2023 5:03 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; John Do <jdo@aclunc.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** Joseph Lee <Joseph.Lee@lw.com>; Al Pfeiffer <Al.Pfeiffer@lw.com>
**Subject:** Re: COH v SF: m/c on ongoing productions

Hi Jim:

Thanks again for speaking with us on Friday. As discussed, we have attached a proposed stipulated order for your review. We have also left space for Defendants to explain their recommendation on an initial randomization protocol for the SFPD incident reports. We are hoping that the parties can work to finalize our agreement and the stipulated order by Wednesday. We will also plan to circulate a draft protective order in the coming days.

Best regards,



**Zal K. Shroff** (he/him)
Senior Staff Attorney
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105
Tel: (415) 543-9444 x.220
Fax: (415) 543-0296
www.lccrsf.org

---

**From:** "Emery, Jim (CAT)" <Jim.Emery@sfcityatty.org>
**Date:** Thursday, January 26, 2023 at 7:21 PM
**To:** John Do <jdo@aclunc.org>, "Stevens, Ryan (CAT)" <Ryan.Stevens@sfcityatty.org>, "Snodgrass, Wayne (CAT)" <Wayne.Snodgrass@sfcityatty.org>, "Wang, Edmund (CAT)" <Edmund.Wang@sfcityatty.org>
**Cc:** Joseph Lee <Joseph.Lee@lw.com>, Al Pfeiffer <Al.Pfeiffer@lw.com>, Zal Shroff <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Thanks, John. I can be available to talk at noon tomorrow. I expect to circulate a letter in the morning. Once you see my letter, let me know whether you'd prefer to have more time to review it before we talk. You may wish to revise plaintiffs' portion of the joint discovery letter.

**Jim Emery**

Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** John Do <JDo@aclunc.org>
**Sent:** Thursday, January 26, 2023 2:50 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** 'Joseph.Lee@lw.com' <Joseph.Lee@lw.com>; 'Al.Pfeiffer@lw.com' <Al.Pfeiffer@lw.com>; 'Zal Shroff' <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Correction: We are available at 9am or 12pm tomorrow, Friday. You are still welcome to send an email response in advance. Thank you.



**JOHN THOMAS H. DO**
**SENIOR STAFF ATTORNEY**
**RACIAL & ECONOMIC JUSTICE PROGRAM**

39 DRUMM ST., SAN FRANCISCO, CA 94111
415-293-6333 | JDO@ACLUNC.ORG | HE/HIM

---

**From:** John Do
**Sent:** Thursday, January 26, 2023 2:34 PM
**To:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** 'Joseph.Lee@lw.com' <Joseph.Lee@lw.com>; 'Al.Pfeiffer@lw.com' <Al.Pfeiffer@lw.com>; 'Zal Shroff' <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Jim,

We understood that you wanted to meet and confer by phone about this dispute today. Given that we previously raised our concerns on the pacing of these conversations, we agreed so long as we would file the joint letter five days from today. Rather than provide a written response to our joint letter or have that requested call, you have suggested you would respond by email instead and discuss at a later unknown time.

We are still at an impasse. We have met and conferred on these issues since before the preliminary injunction and on December 29, 2022, January 3, 2023, and January 18, 2023. The dispute was also briefed in a prior administrative motion. We have spent numerous hours, including a two-hour

phone call just last week, meeting and conferring.

Therefore, please provide your response to the joint letter by Wednesday morning.  Due to our documented concerns that Defendants are violating the preliminary injunction on a daily basis, we will, otherwise, be prepared to submit a separate letter to the Court as provided for in the Court's standing order.

In the meantime, we are available to discuss this tomorrow at 10am or 12pm.  Please confirm.

Regards,
John



**JOHN THOMAS H. DO**
SENIOR STAFF ATTORNEY
RACIAL & ECONOMIC JUSTICE PROGRAM

39 DRUMM ST., SAN FRANCISCO, CA 94111
415-293-6333 | JDO@ACLUNC.ORG | HE/HIM

---

**From:** Emery, Jim (CAT) <Jim.Emery@sfcityatty.org>
**Sent:** Wednesday, January 25, 2023 6:22 PM
**To:** John Do <JDo@aclunc.org>; Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** 'Joseph.Lee@lw.com' <Joseph.Lee@lw.com>; 'Al.Pfeiffer@lw.com' <Al.Pfeiffer@lw.com>; 'Zal Shroff' <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Thanks, John.

I think it would be most productive for me to provide a written response to what you sent last night, and then to talk.  I'll get you my response tomorrow, but I can't be exactly sure when.  As you can appreciate.  I was occupied today.  It will be my first priority in the morning.

**Jim Emery**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4628 Direct
www.sfcityattorney.org

---

**From:** John Do <JDo@aclunc.org>

**Sent:** Wednesday, January 25, 2023 6:07 PM
**To:** Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Emery, Jim (CAT)
<Jim.Emery@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang,
Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** 'Joseph.Lee@lw.com' <Joseph.Lee@lw.com>; 'Al.Pfeiffer@lw.com' <Al.Pfeiffer@lw.com>; 'Zal
Shroff' <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Per your request, we are available to discuss this discovery dispute tomorrow. We are available at 9
am or 2pm.  Thank you.

Regards,
John



**JOHN THOMAS H. DO**
SENIOR STAFF ATTORNEY
RACIAL & ECONOMIC JUSTICE PROGRAM

39 DRUMM ST., SAN FRANCISCO, CA 94111
415-293-6333 | JDO@ACLUNC.ORG | HE/HIM

---

**From:** John Do
**Sent:** Tuesday, January 24, 2023 5:26 PM
**To:** Stevens, Ryan (CAT) <Ryan.Stevens@sfcityatty.org>; Emery, Jim (CAT)
<Jim.Emery@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang,
Edmund (CAT) <Edmund.Wang@sfcityatty.org>
**Cc:** 'Joseph.Lee@lw.com' <Joseph.Lee@lw.com>; 'Al.Pfeiffer@lw.com' <Al.Pfeiffer@lw.com>; 'Zal
Shroff' <zshroff@lccrsf.org>
**Subject:** RE: COH v SF: m/c on ongoing productions

Jim, Wayne, Ed, and Ryan,

As discussed, please see the attached joint discovery dispute letter and provide your additions.  We
are using this dispute process due to our urgent concerns regarding Defendants' compliance with
the PI, but we are not foreclosing discussing these issues tomorrow during the settlement
conference.

Regards,
John

**JOHN THOMAS H. DO**
SENIOR STAFF ATTORNEY
RACIAL & ECONOMIC JUSTICE PROGRAM

39 DRUMM ST., SAN FRANCISCO, CA 94111
415-293-6333 | JDO@ACLUNC.ORG | HE/HIM

## <u>CERTIFICATE OF SERVICE</u>

I, Pamela Cheeseborough, hereby certify that I electronically filed the following document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECFsystem on March 16, 2023.

**APPELLANTS' OPPOSITION TO APPELLEES' MOTION FOR EXTENSION OF TIME TO FILE ANSWERING BRIEF;**

**DECLARATION OF JAMES M. EMERY**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Executed March 16, 2023, at San Francisco, California.

*s/*Pamela Cheeseborough
Pamela Cheeseborough