

CITY AND COUNTY OF SAN FRANCISCO

DAVID CHIU
City Attorney

OFFICE OF THE CITY ATTORNEY

WAYNE SNODGRASS
Deputy City Attorney

Direct Dial:     (415) 554-4675
Email:  wayne.snodgrass@sfcityatty.org

August 29, 2023

**VIA ECF**

Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

      Re:    *Coalition on Homelessness, et al. v. City and County of San Francisco, et al.*
               United States Court of Appeals for the Ninth Circuit, Case No. 23-15087

Dear Ms. Dwyer:

      Appellant and Defendant City and County of San Francisco ("San Francisco") submits the following requested supplemental notice to the United States Court of Appeals for the Ninth Circuit regarding San Francisco's Motion to Modify the Preliminary Injunction Order Pending Appeal ("Motion").

      During the oral argument, counsel for Appellees and Plaintiffs the Coalition on Homelessness ("Coalition") made certain concessions about who qualifies as "involuntarily homeless" and the scope of the preliminary injunction.  For example, the Coalition's counsel:

- Agreed with Judge Desai that "the city can still enforce the enjoined laws against individuals who refuse an offer of actual available shelter" and stated, "If an individual is no longer involuntarily homeless because they have access to practically available shelter, then – again, consistent with *Martin* and *Grants Pass* – that individual . . . is no longer involuntarily homeless and, therefore, is subject – is outside the scope of the injunction";

- Stated that when a person receives an offer of "practically available shelter, then they are no longer involuntarily homeless," and agreed with Judge Koh that "it doesn't matter that [the offer] was in the context of an enforcement action";

- Agreed with Judge Koh that "the actual scope of the injunction only relates to involuntary homelessness without any connection to the formula"; and

- Agreed with Judge Bumatay and stated that "the Eighth Amendment and *Martin* and *Grants Pass* doesn't dictate to any city how they should manage their shelter system."

      The Court asked whether, in light of those concessions, the parties could reach stipulations in the district court to alleviate the need for the Ninth Circuit to stay or modify the injunction pending appeal.  The Court invited San Francisco to file a supplemental notice

---

CITY AND COUNTY OF SAN FRANCISCO                OFFICE OF THE CITY ATTORNEY

Letter to Molly C. Dwyer
Page 2
August 29, 2023

informing the Court whether the parties had reached a stipulation on the Coalition's concessions and whether San Francisco still needs a ruling on its Motion.

San Francisco attempted to reach such a stipulation with counsel for the Coalition. After obtaining and reviewing a transcript of the August 23, 2023 oral argument, San Francisco proposed the parties stipulate to five points based on Coalition's statements during the August 23, 2023 oral argument and the cases cited in Coalition's response:

- A person is not "involuntarily homeless," for purposes of the Preliminary Injunction, if that person has refused an offer of available shelter, whether made during or outside of an encampment resolution, or otherwise has access to such shelter or the means to obtain it;
- Defendants may enforce and threaten to enforce all laws, including the laws enjoined in the Preliminary Injunction, against individuals who are not involuntarily homeless for purposes of the Preliminary Injunction;
- The scope of the Preliminary Injunction only relates to involuntary homelessness without any connection to the formula, or ratio, of the number of people experiencing homelessness compared to the number of available shelter beds;
- Neither the Eighth Amendment, nor the Preliminary Injunction, dictates how the City manages its shelters and housing system; and
- The presence of a police officer or officers during an interaction with a person experiencing homelessness, without a written or verbal threat to enforce the enjoined laws, is insufficient to establish a violation of either the Preliminary Injunction or Eighth Amendment.

San Francisco proposed that the parties file the contemplated stipulation with the district court and agreed to withdraw its Motion currently before this Court if the district court signed a proposed order adopting the stipulation. Counsel for the Coalition refused to stipulate, deleting the two proposed stipulations regarding the definition of threat and the inability to dictate how the City manages its shelters, and proposing modified language as to the remaining three proposed stipulations that departed substantially from their concessions and that is unsupported by the caselaw. Attached as Exhibit A to the enclosed declaration of John George is a true and correct copy of the email correspondence among counsel for the parties on this issue following the August 23, 2023 oral argument.

On August 24, 2023, one day after the oral argument on San Francisco's appeal of the preliminary injunction order, the parties had a hearing before the district court regarding the Coalition's motion to enforce the preliminary injunction. At the hearing, the district court denied Plaintiffs' motion to enforce as to Plaintiffs' Eighth Amendment claims without prejudice to Plaintiffs refiling a similar motion, and requested supplemental briefing to be filed on September 22, 2023, concerning Plaintiffs' Fourth Amendment claims. In light of Plaintiffs' refusal to stipulate to its concessions during oral argument and the continuing threats of enforcement of the injunction, San Francisco respectfully requests that the Court rule on its Motion as filed, in addition to the Appeal seeking to vacate the Preliminary Injunction.

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Molly C. Dwyer
Page 3
August 29, 2023

Very truly yours,

DAVID CHIU
City Attorney

s/Wayne Snodgrass

Wayne Snodgrass
Deputy City Attorney

Enclosure As Stated

**DECLARATION OF JOHN HAMILTON GEORGE IN SUPPORT OF
MOTION TO STAY**

I, JOHN HAMILTON GEORGE, declare as follows:

1.      I am an attorney at law duly licensed to practice law in the State of California.  I am a Deputy City Attorney at the San Francisco City Attorney's Office, attorneys of record for the Appellant and Defendant City and County of San Francisco ("San Francisco").  I am familiar with the facts herein.  The following is within my personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

2.      Attached as **Exhibit A** to this Declaration is a true and correct copy of my correspondence with counsel for the Coalition regarding the proposed stipulations.

3.      Attached as **Exhibit B** to this Declaration is a true and correct copy of the proposed stipulation I sent counsel for the Coalition on August 25, 2023.

4.      Attached as **Exhibit C** to this Declaration is a true and correct copy the Coalition's edits to the proposed stipulation I sent counsel for on August 25, 2023.

I declare under penalty of perjury under the laws of the United States that the foregoing is rue and correct.  Executed this 29th day of August, 2023, at San Francisco, California.




_s/John Hamilton George_
John Hamilton George

**EXHIBIT A**

**TO**

**DECLARATION OF JOHN HAMILTON GEORGE**

| From: | George, John (CAT) |
|---|---|
| To: | "Joseph.Lee@lw.com"; Wesley.Tiu@lw.com; zshroff@lccrsf.org; Al.Pfeiffer@lw.com; wfreeman@aclunc.org; SF.PROBONO.UNHOUSED.PERSONS.LITIGATION@lw.com; jdo@aclunc.org |
| Cc: | Murphy, Kaitlyn (CAT); Snodgrass, Wayne (CAT); Wang, Edmund (CAT); Ikels, Zuzana (CAT); Gradilla, Miguel (CAT); Mere, Yvonne (CAT); Garcia, Sophia (CAT); Andrew, Rhonda (CAT); Fong, Winnie (CAT) |
| Subject: | RE: Coalition v. San Francisco - Proposed Stipulation to Modify the PI Consistent With Statements to 9th Cir. |
| Date: | Tuesday, August 29, 2023 8:25:35 AM |

Dear Joe,

We are unfortunately at an impasse.  Defendants motion to modify the injunction seeks to stay the injunction and permit the City to abide by its pre-enforcement police bulletin, which Plaintiffs told Judge Bumatay they "agree with the general principle behind."  The requested relief cannot be satisfied by a limited agreement on the definition of involuntary homelessness, especially the insufficient definition included in Plaintiffs' proposal, and we disagree that the panel limited our ability to agree to a stipulation by suggesting certain areas of agreement.  Each judge identified several key areas of consensus, which we compiled into a single stipulation.

Defendants do not agree to Plaintiffs' proposed stipulation, which refuses to provide any language defining threats consistent with the very cases Plaintiffs submitted and walks away from Plaintiffs' representations that the Eight Amendment, Martin, and Grants Pass do not dictate how the City operates its shelters and that the formula does not have any connection to the scope of the injunction.  Plaintiffs' changes, including the incomplete quote from Martin, also disregard that access to shelter comes from sources other than the City (such as the means to pay for it) and add legally-unsupported modifications, including that offers be "specific" and requiring Defendants to demonstrate that specific offers have been made.

It is disappointing that Plaintiffs are unwilling to stipulate to their statements to the 9th Circuit about who is not involuntarily homeless and the scope of the preliminary injunction, as well as a definition of threat that is consistent with the caselaw Plaintiffs submitted to the Court regarding other injunctions prohibiting threats (*Kohr v. City of Houston* prohibited "written or verbal threats to cite or arrest" and *Justin v. Los Angeles* prohibited, in inherently verbal exchanges, "[d]emanding production of identification on threat of arrest, and arresting individuals if no identification is produced").

Thanks,
John


**John H. George**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4223 Direct
www.sfcityattorney.org

**From:** Joseph.Lee@lw.com <Joseph.Lee@lw.com>
**Sent:** Friday, August 25, 2023 1:40 PM
**To:** George, John (CAT) <John.George@sfcityatty.org>; Wesley.Tiu@lw.com; zshroff@lccrsf.org; Al.Pfeiffer@lw.com; wfreeman@aclunc.org; SF.PROBONO.UNHOUSED.PERSONS.LITIGATION@lw.com; jdo@aclunc.org
**Cc:** Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Ikels, Zuzana (CAT) <Zuzana.Ikels@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Mere, Yvonne (CAT) <Yvonne.Mere@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; Andrew, Rhonda (CAT) <Rhonda.Andrew@sfcityatty.org>; Fong, Winnie (CAT) <Winnie.Fong@sfcityatty.org>
**Subject:** RE: Coalition v. San Francisco - Proposed Stipulation to Modify the PI Consistent With Statements to 9th Cir.

John,

Thanks for your message and your proposed draft. We agree that it will be helpful to stipulate to the issue surrounding the definition of "involuntarily homeless," which is what the judges on the panel were asking us to consider. Accordingly, we have edited the proposed stipulation to address that issue. We also made some additional edits to clarify the context in which the stipulation is being made and the nature of the stipulation to avoid the previously raised jurisdictional issues. The other issues set forth in Defendants' proposed stipulation, however, were not agreed to by the parties, and were not the issues that that panel was suggesting we cover. We therefore cannot agree to them.

We look forward to getting the modified stipulation on file and to Defendants promptly withdrawing its motion for modification. We also remain open to further discussion if it would be helpful. Thank you.

Joe

**From:** George, John (CAT) <John.George@sfcityatty.org>
**Sent:** Friday, August 25, 2023 9:11 AM
**To:** Lee, Joseph (OC) <Joseph.Lee@lw.com>; Tiu, Wesley (Bay Area) <Wesley.Tiu@lw.com>; zshroff@lccrsf.org; Pfeiffer, Al (Bay Area) <Al.Pfeiffer@lw.com>; wfreeman@aclunc.org; #SF PRO BONO - UNHOUSED PERSONS LITIGATION <SF.PROBONO.UNHOUSED.PERSONS.LITIGATION@lw.com>; jdo@aclunc.org
**Cc:** Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Ikels, Zuzana (CAT) <Zuzana.Ikels@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Mere, Yvonne (CAT) <Yvonne.Mere@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; Andrew, Rhonda (CAT) <Rhonda.Andrew@sfcityatty.org>; Fong, Winnie (CAT) <Winnie.Fong@sfcityatty.org>
**Subject:** RE: Coalition v. San Francisco - Proposed Stipulation to Modify the PI Consistent With

Statements to 9th Cir.

Dear Joe,

I inadvertently attached the wrong stipulation to my email last night.  Attached is the correct stipulation.  This version includes an additional paragraph: "The scope of the Preliminary Injunction only relates to involuntary homelessness without any connection to the formula, or ratio, of the number of people experiencing homelessness compared to the number of available shelter beds."  This is consistent with your exchange with Judge Koh: "Judge Koh: And what you're saying, and I think that's what the city is also wanting us to hold, is that the actual scope of the injunction only relates to involuntary homelessness without any connection to the formula; Joseph Lee: That's correct."

The remainder of my email accurately conveys Defendants' position.  Apologies for the error.

Thanks,
John

**John H. George**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4223 Direct
www.sfcityattorney.org

---

**From:** George, John (CAT)
**Sent:** Thursday, August 24, 2023 6:55 PM
**To:** 'Joseph.Lee@lw.com' <Joseph.Lee@lw.com>; Wesley.Tiu@lw.com; zshroff@lccrsf.org; Al.Pfeiffer@lw.com; wfreeman@aclunc.org; SF.PROBONO.UNHOUSED.PERSONS.LITIGATION@lw.com; jdo@aclunc.org
**Cc:** Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Ikels, Zuzana (CAT) <Zuzana.Ikels@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Mere, Yvonne (CAT) <Yvonne.Mere@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; Andrew, Rhonda (CAT) <Rhonda.Andrew@sfcityatty.org>; Fong, Winnie (CAT) <Winnie.Fong@sfcityatty.org>
**Subject:** RE: Coalition v. San Francisco - Proposed Stipulation to Modify the PI Consistent With Statements to 9th Cir.

Dear Joe,

During the hearing Judges Koh and Bumatay each encouraged the parties to try to reach a stipulation based on our apparent agreement regarding interpretation of the preliminary injunction that would resolve Defendants' pending motion to modify the injunction (Judge

Koh: "what if you reached a stipulation because it sounds like your opposing counsel is in agreement that someone who is offered a practically available shelter bed is not -- and declines it is not involuntarily homeless"; Judge Bumatay: "we would . . . rather the district court deal with it than us have to deal with that motion, so maybe after tomorrow's hearing, you could file a supplemental notice of what's happened and whether or not we still need to rule on that motion to modify the injunction pending appeal"). As Wayne stated in response to Judge Koh, "if there were such a stipulation, it would have to be accepted by the district court and, in effect, adopted as . . . a modification or clarification of the injunction much like what we sought back in January."

For the parties' agreed positions to have legal effect and resolve the pending motion to modify the injunction, the best path, as Judge Bumatay and Wayne noted, is for the District Court to issue an order adopting the parties' agreement regarding interpretation of the Preliminary Injunction. We note your position that the District Court cannot modify the injunction pending appeal, but we see no barrier to the District Court entering an order that construes the Preliminary Injunction consistent with the parties' agreement. Accordingly, Defendants are willing to withdraw their motion to modify the preliminary injunction pending before the 9th Circuit if and when (1) Plaintiffs agree to the attached stipulation, and (2) the District Court enters an order reflecting the text of the parties' agreed interpretation (the numbered paragraphs). Defendants are attempting to resolve the motion to modify the injunction with this proposed stipulation. To be clear, this proposal would not resolve Defendants' merits appeal, just the motion to modify the preliminary injunction.

If Plaintiffs insist that the parties file a stipulation in the 9th Circuit due to the limitations on the District Court's power, Defendants will agree to file the substance of the attached stipulation in the 9th Circuit, but will not withdraw the motion to modify the injunction.

Please let us know Plaintiffs' position by 2pm on Friday, August 25 so we may timely inform the 9th Circuit.

Thank you,
John


**John H. George**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4223 Direct
www.sfcityattorney.org

---

**From:** Joseph.Lee@lw.com <Joseph.Lee@lw.com>
**Sent:** Thursday, August 24, 2023 12:25 PM

**To:** George, John (CAT) <John.George@sfcityatty.org>; Wesley.Tiu@lw.com; zshroff@lccrsf.org; Al.Pfeiffer@lw.com; wfreeman@aclunc.org; SF.PROBONO.UNHOUSED.PERSONS.LITIGATION@lw.com; jdo@aclunc.org
**Cc:** Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Ikels, Zuzana (CAT) <Zuzana.Ikels@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Mere, Yvonne (CAT) <Yvonne.Mere@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; Andrew, Rhonda (CAT) <Rhonda.Andrew@sfcityatty.org>; Fong, Winnie (CAT) <Winnie.Fong@sfcityatty.org>
**Subject:** RE: Coalition v. San Francisco - Proposed Stipulation to Modify the PI Consistent With Statements to 9th Cir.

Dear John and Zuzana,

I write in response to both of your emails. I note at the outset that there appears to be some confusion or disagreement on the part of Defendants, as Zuzana's email asserts that any stipulation would be filed with the Ninth Circuit, yet the draft John sent is drafted to be submitted to the District Court. As I mentioned previously (and as Zuzana at least seemed to agree with), no modification of the injunction is available in the district court as a matter of law while the Ninth Circuit retains jurisdiction of the appeal, and so the draft stipulation and proposed order John sent could not be entered by the District Court.

Separately, I agree with Zuzana that misleading representations undermine trust (which is exactly why we appreciate that Defendants edited their motion for a continuance before filing to clear up its description of what Judge Koh asked). So we want to make sure that the parties have the same understanding, which is that the Ninth Circuit raised any potential stipulation in the context of obviating a ruling on Defendants' motion to modify; John's email does not seem to acknowledge that important context. Argument Video at 59:20-59:49. I understand from John's email that Defendants will not withdraw their motion for modification, let alone the appeal, even if the proposed stipulation John sent is agreed to. If so, it is not clear to me what the stipulation is intended to achieve, and it appears that Defendants are not offering the proposed stipulation in an effort to actually resolve Defendants' motion to modify without need for the Ninth Circuit to rule on it. Plaintiffs are, consistent with the Ninth Circuit's statements, interested in considering any proposal from the City that would resolve the motion to modify, but it does not appear that Defendants have made any such proposal.

Regarding the proposed stipulation itself, is it Defendants' position that the stipulation will fully address the alleged irreparable harms raised in Defendants' motion to modify? And does the proposed stipulation address Defendants' arguments on the merits of the appeal regarding alleged vagueness or "workability?" If not, then again, what is the purpose of the stipulation? If it's just to memorialize any statements made during oral arguments, then that seems unnecessary. The statements have already been made, and the parties are free to point out any alleged inconsistencies without the need for a stipulation whenever appropriate.

The proposed stipulation also goes well beyond the bounds of what the Ninth Circuit contemplated.

In particular, the Court asked specifically about a potential stipulation regarding the "agreement that someone who has [been] offered a practically available shelter bed is not, and the client is not involuntarily homeless." Argument Video at 59:02-59:19. The Court did not describe a stipulation that would constitute a litany of all alleged "concessions" made during oral arguments—Defendants' view of which seems to include a number of "concessions" not made by Plaintiffs. And with respect to the sole issue the Court raised in the context of a stipulation—the definition of an "involuntarily homeless individual"—Plaintiffs' position is that the term as used in the preliminary injunction is and always has been understood to be consistent with the term as used in caselaw cited by the District Court, including *Martin* and *Johnson*, and so no stipulation modifying the injunction is needed. But again, if it will resolve Defendants' motion to modify, we are willing to consider such a stipulation as described by the Ninth Circuit to allay your concerns.

In addition, Plaintiffs disagree that Defendants' proposed stipulation accurately reflects the statements made by Plaintiffs' counsel during oral arguments. For example, the stipulation states that the "presence of a police office or officers during an interaction with a person experiencing homeless[*sic*], without a written or verbal threat to enforce the enjoined laws, is insufficient to establish a violation of either the Preliminary Injunction or Eighth Amendment." Not only did I not say this, I said the opposite: "whether or not mere police presence might be enough or might not be enough [to constitute a threat] that again depends on the facts." Argument Video at 46:24-46:30. I also said "I don't think there is a bright line rule that [there] has to be a written or verbal threat." Argument Video at 45:55-46:00. At a minimum, to the extent Defendants are representing that the "language in the stipulation mirrors Plaintiffs' statements to the court," please provide specific cites to such statements so that Plaintiffs can consider them.

Joe

**Joseph H. Lee**

**LATHAM & WATKINS LLP**
650 Town Center Drive | 20th Floor | Costa Mesa, CA 92626-1925
D: +1.714.755.8046

---

**From:** George, John (CAT) <John.George@sfcityatty.org>
**Sent:** Wednesday, August 23, 2023 5:48 PM
**To:** Tiu, Wesley (Bay Area) <Wesley.Tiu@lw.com>; 'zshroff@lccrsf.org' <zshroff@lccrsf.org>; Pfeiffer, Al (Bay Area) <Al.Pfeiffer@lw.com>; Lee, Joseph (OC) <Joseph.Lee@lw.com>; 'wfreeman@aclunc.org' <wfreeman@aclunc.org>; #SF PRO BONO - UNHOUSED PERSONS LITIGATION <SF.PROBONO.UNHOUSED.PERSONS.LITIGATION@lw.com>; 'jdo@aclunc.org' <jdo@aclunc.org>
**Cc:** Murphy, Kaitlyn (CAT) <Kaitlyn.Murphy@sfcityatty.org>; Snodgrass, Wayne (CAT) <Wayne.Snodgrass@sfcityatty.org>; Wang, Edmund (CAT) <Edmund.Wang@sfcityatty.org>; Ikels, Zuzana (CAT) <Zuzana.Ikels@sfcityatty.org>; Gradilla, Miguel (CAT) <Miguel.Gradilla@sfcityatty.org>; Mere, Yvonne (CAT) <Yvonne.Mere@sfcityatty.org>; Garcia, Sophia (CAT) <Sophia.Garcia@sfcityatty.org>; Andrew, Rhonda (CAT) <Rhonda.Andrew@sfcityatty.org>; Fong,

Winnie (CAT) <Winnie.Fong@sfcityatty.org>
**Subject:** Coalition v. San Francisco - Proposed Stipulation to Modify the PI Consistent With Statements to 9th Cir.

Dear Counsel:

In light of the 9th Circuit judges' direction to the parties at this morning's hearing that the parties try to stipulate to clarify the Preliminary Injunction consistent with Plaintiffs' representations, attached is a draft stipulation. The language in the stipulation mirrors Plaintiffs' statements to the court this morning. We disagree that Plaintiffs made no concessions at the hearing (as Joe stated in his earlier email), but regardless of what the statements were, they were made in court to a panel of judges with all the attendant responsibilities and obligations regarding candor and truthfulness. Agreeing to stipulate to clarify the injunction consistent with Plaintiffs' counsel's statements at the hearing should therefore be uncontroversial. Pursuant with the court's instructions, we intend to report back to the court regarding the result of our efforts to stipulate.

Defendants maintain that the preliminary injunction should be vacated and do not, by this stipulation or otherwise, agree to withdraw their appeal, but agreement to this stipulation (and the District Court's order pursuant to it) may, as Judges Koh and Bumatay pointed out, narrow the scope of the pending Motion to Modify the Preliminary Injunction Order Pending Appeal.

All the best,
John

**John H. George**
Deputy City Attorney
Office of City Attorney David Chiu
(415) 554-4223 Direct
www.sfcityattorney.org

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global

Privacy Standards available at www.lw.com.

**EXHIBIT B**

**TO**

**DECLARATION OF JOHN HAMILTON GEORGE**

1  DAVID CHIU, State Bar #189542
   City Attorney
2  YVONNE R. MERÉ, State Bar #173594
   Chief Deputy City Attorney
3  WAYNE SNODGRASS, State Bar #148137
   Deputy City Attorney
4  EDMUND T. WANG, State Bar #278755
   KAITLYN M. MURPHY, State Bar #293309
5  MIGUEL A. GRADILLA, State Bar #304125
   JOHN H. GEORGE, State Bar #292332
6  ZUZANA S. IKELS, State Bar #208671
   Deputy City Attorneys
7  City Hall, Room 234
   1 Dr. Carlton B. Goodlett Place
8  San Francisco, California 94102-4682
   Telephone:    (415) 554-4675 (Snodgrass)
9                (415) 554-3857 (Wang)
                 (415) 554-6762 (Murphy)
10               (415) 554-3870 (Gradilla)
                 (415) 554-4223 (George)
11               (415) 355-3307 (Ikels)
   Facsimile:    (415) 554-4699
12 E-mail:       wayne.snodgrass@sfcityatty.org
                 edmund.wang@sfcityatty.org
13               kaitlyn.murphy@sfcityatty.org
                 miguel.gradilla@sfcityatty.org
14               john.george@sfcityatty.org
                 zuzana.ikels@sfcityatty.org
15
   Attorneys for Defendants
16 CITY AND COUNTY OF SAN FRANCISCO, et al.

17                  UNITED STATES DISTRICT COURT

18                 NORTHERN DISTRICT OF CALIFORNIA

19

20 COALITION ON HOMELESSNESS; TORO       Case No. 4:22-cv-05502-DMR
   CASTAÑO; SARAH CRONK; JOSHUA
21 DONOHOE; MOLIQUE FRANK; DAVID         **STIPULATION AND [PROPOSED] ORDER
   MARTINEZ; TERESA SANDOVAL;            CONSTRUING THE PRELIMINARY
22 NATHANIEL VAUGHN,                     INJUNCTION**

23          Plaintiffs,

24          vs.                          Trial Date:        April 15, 2024

25 CITY AND COUNTY OF SAN
   FRANCISCO, et al.,
26
            Defendants.
27

28

WHEREAS, on December 23, 2022, the Court issued its Order on Motion for Preliminary Injunction (ECF No. 65);

WHEREAS, Defendants appealed the Order on Motion for Preliminary Injunction and the Court of Appeals for the Ninth Circuit held a hearing on Defendants' appeal and Motion to Modify the Preliminary Injunction Order Pending Appeal on August 23, 2023; and

WHEREAS, based on representations made by counsel to the Ninth Circuit panel during the August 23, 2023 argument, certain judges on the panel encouraged the parties to stipulate to their understanding of the injunction to reflect the parties' apparent agreement regarding the Preliminary Injunction.

THEREFORE, the parties stipulate to the following:

1.  A person is not "involuntarily homeless," for purposes of the Preliminary Injunction, if that person has refused an offer of available shelter, whether made during or outside of an encampment resolution, or otherwise has access to such shelter or the means to obtain it;

2.  Defendants may enforce and threaten to enforce all laws, including the laws enjoined in the Preliminary Injunction, against individuals who are not involuntarily homeless for purposes of the Preliminary Injunction;

3.  The scope of the Preliminary Injunction only relates to involuntary homelessness without any connection to the formula, or ratio, of the number of people experiencing homelessness compared to the number of available shelter beds;

4.  Neither the Eighth Amendment, nor the Preliminary Injunction, dictate how the City manages its shelter and housing system; and

5.  The presence of a police officer or officers during an interaction with a person experiencing homeless, without a written or verbal threat to enforce the enjoined laws, is insufficient to establish a violation of either the Preliminary Injunction or Eighth Amendment.

Dated:  August __, 2023

DAVID CHIU
City Attorney
YVONNE R. MERÉ
WAYNE SNODGRASS
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
ZUZANA S. IKELS
Deputy City Attorneys


By:_____
      JOHN H. GEORGE

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN
FRANCISCO POLICE DEPARTMENT; SAN
FRANCISCO DEPARTMENT OF PUBLIC WORKS;
SAN FRANCISCO DEPARTMENT OF
HOMELESSNESS AND SUPPORTIVE HOUSING;
SAN FRANCISCO FIRE DEPARTMENT; SAN
FRANCISCO DEPARTMENT OF EMERGENCY
MANAGEMENT

Dated: August __, 2023

ALFRED C. PFEIFFER, JR.
WESLEY TIU
JOSEPH H. LEE
KEVIN WU
TULIN GURER
RACHEL MITCHELL
Latham & Watkins LLP

By:_____
     JOSEPH H. LEE

ZAL K. SHROFF
Lawyers' Committee for Civil Rights of the San
Francisco Bay Area

JOHN THOMAS H. DO
BRANDON L. GREENE
ACLU Foundation of Northern California

Attorneys for Plaintiffs
COALITION ON HOMELESSNESS; TORO
CASTAÑO; SARAH CRONK; JOSHUA DONOHOE;
MOLIQUE FRANK; DAVID MARTINEZ; TERESA
SANDOVAL; NATHANIEL VAUGHN

1

## **CIVIL L.R. 5-1(h)(3) ATTESTATION**

2       I, John H. George, attest that each of the other signatories have concurred in the filing of this

3  document, which shall serve in lieu of their own signatures on the document.

4

5  Dated:  August __, 2023

6                               DAVID CHIU
City Attorney
YVONNE R. MERÉ
WAYNE SNODGRASS
MEREDITH B. OSBORN
EDMUND T. WANG
KAITLYN MURPHY
MIGUEL A. GRADILLA
JOHN H. GEORGE
ZUZANA S. IKELS
Deputy City Attorneys

By:_____
     JOHN H. GEORGE

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT

**[PROPOSED] ORDER**

Pursuant to the stipulation of the parties and for good cause shown, the Court orders the following regarding the construction of the Order on Motion for Preliminary Injunction (ECF No. 65):

1.　A person is not "involuntarily homeless," for purposes of the Preliminary Injunction, if that person has refused an offer of available shelter, whether made during or outside of an encampment resolution, or otherwise has access to such shelter or the means to obtain it;

2.　Defendants may enforce and threaten to enforce all laws, including the laws enjoined in the Preliminary Injunction, against individuals who are not involuntarily homeless for purposes of the Preliminary Injunction;

3.　The scope of the Preliminary Injunction only relates to involuntary homelessness without any connection to the formula, or ratio, of the number of people experiencing homelessness compared to the number of available shelter beds;

4.　Neither the Eighth Amendment, nor the Preliminary Injunction, dictate how the City manages its shelter and housing system; and

5.　The presence of a police officer or officers during an interaction with a person experiencing homeless, without a written or verbal threat to enforce the enjoined laws, is insufficient to establish a violation of either the Preliminary Injunction or Eighth Amendment.


　　　IT IS SO ORDERED.


Dated: _____

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　HONORABLE DONNA M. RYU
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

# EXHIBIT C

## TO

# DECLARATION OF JOHN HAMILTON GEORGE

1    DAVID CHIU, State Bar #189542
     City Attorney
2    YVONNE R. MERÉ, State Bar #173594
     Chief Deputy City Attorney
3    WAYNE SNODGRASS, State Bar #148137
     Deputy City Attorney
4    EDMUND T. WANG, State Bar #278755
     KAITLYN M. MURPHY, State Bar #293309
5    MIGUEL A. GRADILLA, State Bar #304125
     JOHN H. GEORGE, State Bar #292332
6    ZUZANA S. IKELS, State Bar #208671
     Deputy City Attorneys
7    City Hall, Room 234
     1 Dr. Carlton B. Goodlett Place
8    San Francisco, California 94102-4682
     Telephone:    (415) 554-4675 (Snodgrass)
9                  (415) 554-3857 (Wang)
                   (415) 554-6762 (Murphy)
10                 (415) 554-3870 (Gradilla)
                   (415) 554-4223 (George)
11                 (415) 355-3307 (Ikels)
     Facsimile:    (415) 554-4699
12   E-mail:       wayne.snodgrass@sfcityatty.org
                   edmund.wang@sfcityatty.org
13                 kaitlyn.murphy@sfcityatty.org
                   miguel.gradilla@sfcityatty.org
14                 john.george@sfcityatty.org
                   zuzana.ikels@sfcityatty.org
15
     Attorneys for Defendants
16   CITY AND COUNTY OF SAN FRANCISCO,
     et al.
17

LATHAM & WATKINS LLP
Alfred C. Pfeiffer, Jr., SBN 120965
505 Montgomery Street, Ste 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
al.pfeiffer@lw.com

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY
AREA
Zal K. Shroff, MJP 804620, pro hac vice
131 Steuart Street, Ste. 400
San Francisco, CA 94105
Telephone: (415) 543-9444
zshroff@lccrsf.org

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA
John Thomas H. Do, SBN 285075
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 293-6333
jdo@aclunc.org

Attorneys for Plaintiffs Coalition on
Homelessness, Toro Castaño, Sarah Cronk,
Joshua Donohoe, Molique Frank, David
Martinez, Teresa Sandoval, Nathaniel Vaughn

Additional Counsel Appear on Signature Page

18                    UNITED STATES DISTRICT COURT

19                    NORTHERN DISTRICT OF CALIFORNIA

20

21   COALITION ON HOMELESSNESS; TORO          Case No. 4:22-cv-05502-DMR
     CASTAÑO; SARAH CRONK; JOSHUA
22   DONOHOE; MOLIQUE FRANK; DAVID            **STIPULATION AND [PROPOSED] ORDER**
     MARTINEZ; TERESA SANDOVAL;               ~~**CONSTRUING REGARDING THE PARTIES'**~~
23   NATHANIEL VAUGHN,                        ~~**UNDERSTANDING OF**~~ **THE PRELIMINARY**
                                              **INJUNCTION**
24             Plaintiffs,

25        vs.                                 Trial Date:          April 15, 2024

26   CITY AND COUNTY OF SAN
     FRANCISCO, et al.,
27
               Defendants.
28

1  WHEREAS, on December 23, 2022, the Court issued its Order on Motion for Preliminary
2  Injunction (ECF No. 65);

3  WHEREAS, Defendants appealed the Order on Motion for Preliminary Injunction and filed a
4  Motion to Modify the Preliminary Injunction Open Pending Appeal ("Motion to Modify") in the Court
5  of Appeals for the Ninth Circuit;

6  WHEREAS the Ninth Circuit held a hearing on Defendants' appeal and Motion to Modify the
7  Preliminary Injunction Order Pending Appeal on August 23, 2023; and

8  WHEREAS, based on representations made by counsel for both parties to the Ninth Circuit
9  panel during the August 23, 2023 argument, certain judges on the panel encouraged suggested the
10  parties couldto obviate the need for the Ninth Circuit to rule on Defendants' Motion to Modify by
11  stipulatinge to their common understanding of the term "involuntarily homeless individuals" in the
12  preliminary injunction to reflect the parties' apparent agreement regarding the Preliminary Injunction;

13  WHEREAS, as a condition of this stipulation, Defendants have agreed to withdraw their
14  Motion to Modify; and

15  WHEREAS, the parties agree that this stipulation does not modify the preliminary injunction,
16  and therefore this Court retains jurisdiction to enter it.

17  THEREFORE, the parties stipulate to the following:

18  1.  A person is notThe term "involuntarily homeless individual;" as used infor purposes of
19  the Preliminary Injunction has the same meaning as that set forth in *Martin v. City of Boise* and *John v.*
20  *City of Grants Pass*. *See, e.g.*, *Martin*, 920 F.3d 584 (9th Cir. 2019); *Johnson v. City of Grants Pass*,
21  72 F.4th 868 (9th Cir. 2023). An individual is considered to be involuntarily homeless "if they do not
22  have access to adequate temporary shelter" because it is not "realistically available to them." *Johnson*
23  *v. City of Grants Pass*, 72 F.4th 868, 875 n. 2 (9th Cir. 2023). if that person has refused an offer of
24  available shelter, whether made during or outside of an encampment resolution, or otherwise has
25  access to such shelter or the means to obtain it;

26  2.  Even if there are more homeless individuals in San Francisco than there are shelter beds
27  available, Defendants may enforce and threaten to enforce the codes enjoined from enforcement in the
28  Preliminary Injunction against a specific individual if Defendants can demonstrate that the individual

**Formatted:** Don't keep with next

1  against whom enforcement or threat of enforcement is made has a specific offer of realistically

2  available shelter but chooses not to use it. *Martin*, 920 F.3d at 617 n.8 (*quoted by* ECF 65 at 36)all

3  laws, including the laws enjoined in the Preliminary Injunction, against individuals who are not

4  involuntarily homeless for purposes of the Preliminary Injunction;

5         3.     Defendants can make a specific offer of realistically available shelter to an individual at

6  any time, including within the context of an encampment resolution, but no enforcement or threat of

7  enforcement of the codes enumerated in the Preliminary Injunction can be carried out against that

8  individual unless the conditions set forth in paragraph 2 are met.The scope of the Preliminary

9  Injunction only relates to involuntary homelessness without any connection to the formula, or ratio, of

10  the number of people experiencing homelessness compared to the number of available shelter beds.;

11      4.     Neither the Eighth Amendment, nor the Preliminary Injunction, dictate how the City

12  manages its shelter and housing system; and

13      5.     The presence of a police officer or officers during an interaction with a person

14  experiencing homeless, without a written or verbal threat to enforce the enjoined laws, is insufficient

15  to establish a violation of either the Preliminary Injunction or Eighth Amendment.

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: August __, 2023

1

2            DAVID CHIU
             City Attorney
3            YVONNE R. MERÉ
             WAYNE SNODGRASS
4            EDMUND T. WANG
             KAITLYN MURPHY
5            MIGUEL A. GRADILLA
             JOHN H. GEORGE
6            ZUZANA S. IKELS
             Deputy City Attorneys
7

8       By: _____
             JOHN H. GEORGE
9

10           Attorneys for Defendants
             CITY AND COUNTY OF SAN FRANCISCO; SAN
11           FRANCISCO POLICE DEPARTMENT; SAN
             FRANCISCO DEPARTMENT OF PUBLIC WORKS;
12           SAN FRANCISCO DEPARTMENT OF
             HOMELESSNESS AND SUPPORTIVE HOUSING;
13           SAN FRANCISCO FIRE DEPARTMENT; SAN
             FRANCISCO DEPARTMENT OF EMERGENCY
14           MANAGEMENT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  August __, 2023

ALFRED C. PFEIFFER, JR.
WESLEY TIU
JOSEPH H. LEE
KEVIN WU
TULIN GURER
RACHEL MITCHELL
Latham & Watkins LLP

By: _____
JOSEPH H. LEE

ZAL K. SHROFF
Lawyers' Committee for Civil Rights of the San
Francisco Bay Area

JOHN THOMAS H. DO
BRANDON L. GREENE
ACLU Foundation of Northern California

Attorneys for Plaintiffs
COALITION ON HOMELESSNESS; TORO
CASTAÑO; SARAH CRONK; JOSHUA DONOHOE;
MOLIQUE FRANK; DAVID MARTINEZ; TERESA
SANDOVAL; NATHANIEL VAUGHN

IT IS SO ORDERED.


Dated: _____
HONORABLE DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE

Jt. Admin Mtn re Modify Preliminary Injunction          4                    n:\govlit\li2022\230239\01692376.docx
CASE NO. 4:22-cv-05502-DMR

1

## **CIVIL L.R. 5-1(h)(3) ATTESTATION**

2        I, John H. George, attest that each of the other signatories have concurred in the filing of this

3 document, which shall serve in lieu of their own signatures on the document.

4

5 Dated:  August __, 2023

6                          DAVID CHIU
                             City Attorney

7                          YVONNE R. MERÉ

8                          WAYNE SNODGRASS
                          MEREDITH B. OSBORN

9                          EDMUND T. WANG
                          KAITLYN MURPHY

10                       MIGUEL A. GRADILLA
                       JOHN H. GEORGE

11                       ZUZANA S. IKELS
                       Deputy City Attorneys

12

13            By:_____

14               JOHN H. GEORGE

15             Attorneys for Defendants
             CITY AND COUNTY OF SAN FRANCISCO; SAN

16             FRANCISCO POLICE DEPARTMENT; SAN
             FRANCISCO DEPARTMENT OF PUBLIC WORKS;

17             SAN FRANCISCO DEPARTMENT OF
             HOMELESSNESS AND SUPPORTIVE HOUSING;

18             SAN FRANCISCO FIRE DEPARTMENT; SAN
             FRANCISCO DEPARTMENT OF EMERGENCY

19             MANAGEMENT

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER**

Pursuant to the stipulation of the parties and for good cause shown, the Court orders the following regarding the construction of the Order on Motion for Preliminary Injunction (ECF No. 65):

1. A person is not "involuntarily homeless," for purposes of the Preliminary Injunction, if that person has refused an offer of available shelter, whether made during or outside of an encampment resolution, or otherwise has access to such shelter or the means to obtain it;

2. Defendants may enforce and threaten to enforce all laws, including the laws enjoined in the Preliminary Injunction, against individuals who are not involuntarily homeless for purposes of the Preliminary Injunction;

3. The scope of the Preliminary Injunction only relates to involuntary homelessness without any connection to the formula, or ratio, of the number of people experiencing homelessness compared to the number of available shelter beds;

4. Neither the Eighth Amendment, nor the Preliminary Injunction, dictate how the City manages its shelter and housing system; and

5. The presence of a police officer or officers during an interaction with a person experiencing homeless, without a written or verbal threat to enforce the enjoined laws, is insufficient to establish a violation of either the Preliminary Injunction or Eighth Amendment.

IT IS SO ORDERED.

Dated: _____

HONORABLE DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

I, Pamela Cheeseborough, hereby certify that I electronically filed the following document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on

**Letter Updating Court on Potential Stipulation Re Motion to Modify**

**Declaration of John Hamilton George**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Executed August 29, 2023 at San Francisco, California.


*s/Pamela Cheeseborough*
Pamela Cheeseborough