**No. 23-15087**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,

*Plaintiffs-Appellees*

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Northern District of California
No. 4:22-cv-05502-DMR
Hon. Donna M. Ryu

_____

**DEFENDANTS-APPELLANTS' MOTION TO STAY
ISSUANCE OF THE MANDATE;
DECLARATION OF DAVID S. LOUK**

_____

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
TARA M. STEELEY
Chief of Appellate Litigation
DAVID S. LOUK
Deputy City Attorney

WAYNE SNODGRASS
KAITLYN M. MURPHY
EDMUND T. WANG
MIGUEL A. GRADILLA
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:  (415) 335-3314 (Louk)
Facsimile:   (415) 554-4699
Email: david.louk@sfcityatty.org

Attorneys for Appellants CITY AND COUNTY OF SAN FRANCISCO, et al.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii
INTRODUCTION ...............................................................................................1
PROCEDURAL HISTORY..................................................................................1
ARGUMENT .......................................................................................................2
CONCLUSION....................................................................................................6
CERTIFICATE OF SERVICE .............................................................................9

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Bryant v. Ford Motor Co.*
  886 F.2d 1526 (9th Cir. 1989)...................................................................................2

*City of Grants Pass v. Johnson*
  U.S. No. 23-175 (cert. granted Jan. 12, 2024)........................................ 1, 2, 3, 4, 5

*Ellis v. U.S. Dist. Ct. for W. Dist. of Washington (Tacoma)*
  360 F.3d 1022 (9th Cir. 2004)...................................................................................6

*Johnson v. Grants Pass*
  72 F.4th 868 (9th Cir. 2023).............................................................. 1, 2, 3, 4, 6

*Lawrence on Behalf of Lawrence v. Chater*
  516 U.S. 163 (1996) ..................................................................................................5

*Martin v. City of Boise*
  920 F.3d 584 (9th Cir. 2019)................................................................... 1, 2, 3, 4

**Constitutional Provisions**
U.S. Const. amend. VIII................................................................................................3, 4

**Rules**
Fed. R. App. P.
  Rule 40(a)(1)..............................................................................................................1
  Rule 41(b)...................................................................................................................1
  Rule 41(d)(1) .........................................................................................................1, 2

U.S. Sup. Ct. R.
  Rule 13.......................................................................................................................4
  Rule 15.......................................................................................................................4

**Other References**
Adam Feldman, *Empirical SCOTUS: To extend or not to extend*,
  SCOTUSblog.com, https://www.scotusblog.com/2018/04/empirical-scotus-to-extend-or-not-to-extend/ (last visited Jan. 17, 2024) ...........................................5

Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*,
  Vol. 16AA § 3987 (5th ed. 2023)..............................................................................6

Question Presented, *City of Grants Pass v. Johnson,* U.S. No. 23-175, https://www.supremecourt.gov/qp/23-00175qp.pdf (cert. granted Jan. 12, 2024). ...............................................................................4

Stephen L. Wasby, *Case Consolidation and GVRs in the Supreme Court*, 53 U. Pac. L. Rev. 83, 104 (2021)........................................................................5

## INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 41(d)(1), Defendants-Appellants City and County of San Francisco, et al. ("San Francisco" or "the City"), respectfully move the Court to stay issuance of the mandate pending a decision from the United States Supreme Court in *City of Grants Pass v. Johnson*, No. 23-175 (cert. granted Jan. 12, 2024). As discussed below, there is good cause for a stay, because any petition for writ of certiorari that Appellants might file would present substantial questions squarely implicated by the question presented in *City of Grants Pass*.

## PROCEDURAL HISTORY

On January 11, 2024, this Court issued both a divided 2-1 Opinion and a Memorandum Disposition resolving the issues in Defendants-Appellants' appeal. *See* Opinion ("Op."), ECF No. 89; Memorandum Disposition with Concurrence, ECF No. 90. In the Opinion, a majority of the panel noted that this Court's decision in *Johnson v. Grants Pass*, 72 F.4th 868 (9th Cir. 2023) (hereinafter "*Johnson*"), as well as the decision it applied, *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019), were binding precedent on the panel, which the panel was not free to reconsider. Op. 12. In a dissent from that Opinion, Judge Bumatay contended that, among other things, "*Martin* and [*Johnson*] have no relevance" because the district court "enjoined laws that go far beyond what *Martin* and [*Johnson*] protect." Op. 20.

The same day, this Court entered judgment. *See* ECF No. 89. Under Federal Rule of Appellate Procedure Rule 40(a)(1), any petition for panel rehearing must be filed within 14 days after entry of judgment, unless that time is extended. And under Federal Rule of Appellate Procedure 41(b), the court's

mandate must issue 7 days after the time to file a petition for rehearing expires, or 21 days after entry of judgment. Pursuant to these rules, the mandate would ordinarily issue on February 1, 2024, absent the filing of a petition for rehearing or rehearing en banc.

However, on January 12, 2024—the day after the panel issued its Opinion and entered judgment—the Supreme Court granted cert to review the issues implicated in *Johnson* and *Martin*, *see City of Grants Pass v. Johnson*, No. 23-175 (hereinafter "*City of Grants Pass*"), and communicated to counsel for Grants Pass that argument is intended to be set for the week of April 22, 2024. *See* Louk Decl. ¶ 11. A decision is therefore expected by the end of the Court's October 2023 Term, by late June 2024. *Id.*

## ARGUMENT

This Court may stay issuance of its mandate when a petition for certiorari "would present a substantial question" and "there is good cause for a stay." Fed. R. App. P. 41(d)(1). "A party seeking a stay of the mandate . . . need not demonstrate that exceptional circumstances justify a stay." *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989). Rather, the "matter is entrusted to the circuit court's sound discretion." *Id.*

As discussed below, any petition for writ of certiorari that Appellants might file presents substantial questions, given the panel's 2-1 split and that the issues raised in such a petition are ineluctably intertwined with the issues and question presented in *City of Grants Pass*.

Good cause exists to grant the stay. The arguments Appellants would raise in a petition for writ of certiorari are squarely implicated by the continuing validity of *Johnson* and *Martin*, and the continuing validity of those decisions is at the heart of the question presented in *City of Grants Pass*.

Appellants therefore respectfully move to stay issuance of the mandate until 28 days after the Supreme Court issues a decision in *City of Grants Pass*.

**A Petition for Certiorari Presents Substantial Questions.**

A petition for certiorari of the divided panel's decision would present substantial questions. In resolving the City's appeal, the panel decision's reasoning rested squarely on *Johnson* and *Martin* being controlling precedent in this Circuit. Indeed, the panel majority recognized that, while a grant of certiorari in *City of Grants Pass* could determine whether "both *Martin* and *Johnson* were wrongly decided," in the meantime, the panel "remain[s] bound by *Martin* and *Johnson*, as does the District Court." Op. 12. And central to the panel majority's reasoning was that the "City's arguments" concerned the proper "application of *Martin* and *Johnson*." Op. 15-16. In a lengthy dissent, Judge Bumatay argued that the district court's entry of a preliminary injunction was "[b]ased on a misreading of the Eighth Amendment's Cruel and Unusual Punishments Clause," Op. 17, that the court failed to "consider[] how [the City's] individual laws fit within our *Martin*/[*Johnson*] framework," Op. 19, and that the "sweeping injunction has no basis in the Constitution or our precedent," *id.*

The Supreme Court's grant of certiorari in *City of Grants Pass* the day after the panel decision was issued recognizes the substantial questions implicated in the application of *Martin* and *Johnson*. Indeed, the question presented in *City of Grants Pass* squarely calls into question the holdings of not only *Johnson*, but also *Martin*:

> In *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019), the Ninth Circuit held that the Cruel and Unusual Punishments Clause prevents cities from enforcing criminal restrictions on public camping unless the person has 'access to adequate temporary shelter.' *Id.* at 617 & n.8. In this case, the Ninth Circuit extended *Martin* to a classwide injunction prohibiting the City of Grants Pass from enforcing its public-camping ordinance even though [sic] civil citations. That decision

cemented a conflict with the California Supreme Court and the Eleventh Circuit, which have upheld similar ordinances, and entrenched a broader split on the application of the Eighth Amendment to purportedly involuntary conduct. The Ninth Circuit nevertheless denied rehearing en banc by a 14-to-13 vote.

The question presented is:

Does the enforcement of generally applicable laws regulating camping on public property constitute 'cruel and unusual punishment' prohibited by the Eighth Amendment?

*See* Question Presented, *City of Grants Pass v. Johnson,* U.S. No. 23-175, https://www.supremecourt.gov/qp/23-00175qp.pdf (cert. granted Jan. 12, 2024). *City of Grants Pass* is intended to be set for argument the week of April 22, 2024, and a decision is expected by the end of the Court's October Term 2023, or by late June 2024. *See* Louk Decl. ¶ 11.

**Good Cause Exists to Grant the Stay.**

Good cause also exists to grant the stay. Were the Supreme Court to reconsider, revise, or reverse this Circuit's reasoning and decisions in *Johnson* and *Martin*, it would necessarily affect the nature of any arguments San Francisco may make in a petition for writ of certiorari. Preparing such a petition at this stage, prior to the Supreme Court's decision in *City of Grants Pass*, would therefore be an inefficient allocation of resources for San Francisco, for Plaintiffs, and for the courts.

Moreover, even if the City were to file a petition for writ of certiorari, it would have 90 days from the entry of judgment, or until April 10, 2024, to do so. Sup. Ct. R. 13. Under the Supreme Court's Rules, Plaintiffs would then have 30 days to file any brief in opposition, or until May 10, 2024. Sup. Ct. R. 15. And in practice, both petitioners and respondents are routinely granted at least one 30-day

extension of time to file a cert petition or brief in opposition.[1]  Thus, it is unlikely that briefing on a petition for writ of certiorari would be completed before a decision is likely in *City of Grants Pass* by the end of June 2024.

Moreover, regardless of timing, in all likelihood the Supreme Court would simply hold the City's petition until a decision is issued in *City of Grants Pass*, and then "GVR"—grant the City's petition, vacate the panel's decision, and remand for further proceedings in light of the Court's decision  *See, e.g.*, Stephen L. Wasby, *Case Consolidation and GVRs in the Supreme Court*, 53 U. Pac. L. Rev. 83, 104 (2021) (identifying "cases for the Court to resolve after it issues the lead decision—with immediate resolution taking the form of multiple GVRs to courts that have decided related cases"); *see also Lawrence on Behalf of Lawrence v. Chater*, 516 U.S. 163, 167 (1996) ("Where . . . recent developments that we have reason to believe the court below did not fully consider, . . . and where it appears that such a redetermination may determine the ultimate outcome of the litigation, a GVR order is, we believe, potentially appropriate.").  The economical use of judicial resources would therefore be to stay issuance of the mandate until after the Supreme Court's decision in *City of Grants Pass*, at which time San Francisco may seek rehearing from the panel and/or by this Court sitting en banc, or else file a petition for writ of certiorari before the Supreme Court.

Finally, Appellants respectfully contend that Plaintiffs would not be prejudiced by such a stay, for the published panel decision from which the City may seek certiorari affirmed the district court's entry of a preliminary injunction. *See* Op. 17.  As to the panel's memorandum disposition, staying the issuance of the mandate would leave the preliminary injunction intact.  Any further proceedings

---

[1] Adam Feldman, *Empirical SCOTUS: To extend or not to extend*, SCOTUSblog.com, https://www.scotusblog.com/2018/04/empirical-scotus-to-extend-or-not-to-extend/ (last visited Jan. 17, 2024).

springing from the panel's memorandum disposition and its instructions to the district court would take place only after the mandate issues. *See Ellis v. U.S. Dist. Ct. for W. Dist. of Washington (Tacoma)*, 360 F.3d 1022, 1022 (9th Cir. 2004); *see also* 16AA Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3987 (5th ed. 2023). Nonetheless, counsel for Plaintiffs-Appellees oppose this Motion. Louk Decl. ¶ 12.

## CONCLUSION

For the foregoing reasons, Appellants respectfully move to stay issuance of the mandate until 28 days after the Supreme Court issues a decision in *City of Grants Pass v. Johnson*, No. 23-175.

Dated:  January 18, 2024

Respectfully submitted,

DAVID CHIU
City Attorney
YVONNE R. MERÉ
TARA STEELEY
DAVID S. LOUK
WAYNE SNODGRASS
KAITLYN M. MURPHY
EDMUND T. WANG
MIGUEL A. GRADILLA
Deputy City Attorneys

By: /s/ *David S. Louk*
DAVID S. LOUK

Attorneys for Defendants and Appellants
CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT; MAYOR LONDON BREED; SAM DODGE

# DECLARATION OF DAVID S. LOUK
# IN SUPPORT OF DEFENDANTS-APPELLANTS' MOTION TO STAY ISSUANCE OF THE MANDATE

I, David S. Louk, hereby declare:

1. I am an attorney at law duly licensed to practice before this Court and am counsel of record for Defendants-Appellants ("San Francisco" or "the City") in this action.

2. This Declaration is submitted in support of Defendants-Appellants' Motion to Stay Issuance of the Mandate.

3. On January 11, 2024, this Court filed an opinion rejecting the City's appeal, and entered judgment on San Francisco's appeal. *See* ECF No. 89 (Opinion).

4. Given the importance of the issues implicated in its appeal, San Francisco intends to file a petition for rehearing and/or rehearing en banc of that decision, and/or a petition for writ of certiorari in the Supreme Court.

5. Under Federal Rule of Appellate Procedure 40(a)(1), any petition for panel rehearing must be filed within 14 days after entry of judgment, unless that time is extended.

6. Under Federal Rule of Appellate Procedure 41(b), the Court's mandate must issue 7 days after the time to file a petition for rehearing expires, or 21 days after entry of judgment.

7. Pursuant to the Rules, the mandate would ordinarily issue on February 1, 2024, absent the filing of a petition for rehearing or rehearing en banc.

8. Pending the filing of a petition for writ of certiorari in the Supreme Court, this Court may stay issuance of the mandate where the petition would present a substantial question and there is good cause for a stay. Fed. R. App. P. 40(d)(1).

9. For the reasons set forth in Appellants' Motion, Appellants seek to stay issuance of the mandate until 28 days after the Supreme Court issues a decision in *City of Grants Pass v. Johnson*, No. 23-175.

10. For similar reasons, Appellants will today to also file a Motion for Extension of Time Within Which to File A Petition for Rehearing and/or Rehearing En Banc until 21 days after the Supreme Court issues a decision in *City of Grants Pass v. Johnson*, No. 23-175.

11. On January 16, 2024, counsel for Grants Pass confirmed to me by email that Supreme Court argument in *City of Grants Pass v. Johnson* is intended to be set for the week of April 22, 2024, and so the Court will likely issue a decision by the end of the October Term 2023, approximately late June 2024.

12. On January 17, 2024, counsel for Plaintiffs communicated to me during a telephonic meet and confer that they plan to oppose Appellants' Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed January 18, 2024, in San Francisco, California.

        /s/ *David S. Louk*
            David S. Louk

# CERTIFICATE OF SERVICE

I, Pamela Cheeseborough, hereby certify that I electronically filed the following document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECFsystem on January 18, 2024.

**DEFENDANTS-APPELLANTS' MOTION TO STAY ISSUANCE OF THE MANDATE; DECLARATION OF DAVID S. LOUK**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Executed January 18, 2024, at San Francisco, California.

                                             */s/*Pamela Cheeseborough
                                                   Pamela Cheeseborough