**No. 23-15087**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

COALITION ON HOMELESSNESS; TORO CASTAÑO; SARAH CRONK; JOSHUA DONOHOE; MOLIQUE FRANK; DAVID MARTINEZ; TERESA SANDOVAL; NATHANIEL VAUGHN,

*Plaintiffs-Appellees*

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Northern District of California
No. 4:22-cv-05502-DMR
Hon. Donna M. Ryu

_____

**DEFENDANTS-APPELLANTS' MOTION FOR EXTENSION OF TIME WITHIN WHICH TO FILE A PETITION FOR REHEARING AND/OR REHEARING EN BANC; DECLARATION OF DAVID S. LOUK**

_____

DAVID CHIU
City Attorney
YVONNE R. MERÉ
Chief Deputy City Attorney
TARA M. STEELEY
Chief of Appellate Litigation
DAVID S. LOUK
Deputy City Attorney

WAYNE SNODGRASS
KAITLYN M. MURPHY
EDMUND T. WANG
MIGUEL A. GRADILLA
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone: (415) 335-3314 (Louk)
Facsimile: (415) 554-4699
Email: david.louk@sfcityatty.org

Attorneys for Appellants CITY AND COUNTY OF SAN FRANCISCO, et al.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. ii
INTRODUCTION ...................................................................................................1
PROCEDURAL HISTORY.....................................................................................2
ARGUMENT ...........................................................................................................4
CONCLUSION ........................................................................................................7
CERTIFICATE OF SERVICE ...............................................................................10

# TABLE OF AUTHORITIES

**Federal Cases**

*City of Grants Pass v. Johnson*
  U.S. No. 23-175 (cert. granted Jan. 12, 2024) ............................................. *passim*

*Coal. on Homelessness v. City & Cnty. of San Francisco*
  647 F. Supp. 3d 806 (N.D. Cal. 2022) ....................................................................3

*Ellis v. U.S. Dist. Ct. for W. Dist. of Washington (Tacoma)*
  360 F.3d 1022 (9th Cir. 2004) ................................................................................7

*Johnson v. City of Grants Pass*
  50 F.4th 787 (9th Cir. 2022) ................................................................................3, 4

*Johnson v. Grants Pass*
  72 F.4th 868 (9th Cir. 2023) ........................................................................ *passim*

*Martin v. City of Boise*
  920 F.3d 584 (9th Cir. 2019) ........................................................................ *passim*

**Rules**
9th. Cir. R.
  Rule 31-2.2(b) .........................................................................................................1

Fed. R. App. P.
  Rule 26(b) ....................................................................................................... 1, 4, 9
  Rule 35(c) ............................................................................................................1, 9
  Rule 40(a)(1) .......................................................................................................1, 9
  Rule 41(b) ...............................................................................................................6

**Other References**
Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, Vol. 16AA § 3987 (5th ed. 2023) ...............................................................................7

Question Presented, *City of Grants Pass v. Johnson*, U.S. No. 23-175, https://www.supremecourt.gov/qp/23-00175qp.pdf (cert. granted Jan. 12, 2024) ...................................................................................................5

# INTRODUCTION

Pursuant to Federal Rules of Appellate Procedure 26(b) and 40(a)(1) and Ninth Circuit Rule 31-2.2(b), Defendants-Appellants respectfully submit this motion for an extension of time within which to file any petition for rehearing and/or rehearing en banc, until 21 days after the Supreme Court issues a decision in *City of Grants Pass v. Johnson*, No. 23-175.

Under Federal Rule of Appellate Procedure Rule 40(a)(1), any petition for panel rehearing must be filed within 14 days after entry of judgment, unless that time is extended. Any petition for rehearing or rehearing en banc must be filed "within the time prescribed by Rule 40 for filing a petition for rehearing." Fed. R. App. P. 35(c). For good cause, the due date for filing the petition for rehearing or rehearing en banc may be extended. Fed. R. App. P. 26(b); Fed. R. App. P. 40(a)(1).

On January 11, 2024, this Court issued an Opinion and Memorandum Disposition resolving the issues in Defendant-Appellants' appeal. *See* Opinion ("Op."), ECF No. 89; Memorandum Disposition with Concurrence, ECF No. 90. In the Opinion, a majority of the panel noted that this Court's decision in *Johnson v. Grants Pass*, 72 F.4th 868 (9th Cir. 2023) (hereinafter "*Johnson*"), as well as the decision it applied, *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019), were binding precedent on the panel, which the panel was not free to reconsider. Op. 12. The same day, this Court entered judgment. *See* ECF No. 89. Accordingly, pursuant to the Federal Rules of Appellate Procedure, the deadline for Appellants to file any petition for rehearing or rehearing en banc of the panel's decision is January 25, 2024.

However, on January 12, 2024—the day after the panel issued its opinion and entered judgment—the United States Supreme Court granted certiorari to

CASE NO. 23-15087

review the issues implicated in *Johnson* and *Martin*, *see City of Grants Pass v. Johnson*, No. 23-175 (hereinafter "*City of Grants Pass*"), and communicated to counsel for Grants Pass that argument is intended to be set for the week of April 22, 2024. *See* Louk Decl. ¶ 10. A decision is therefore expected by the end of the Court's October 2023 Term, by late June 2024. *Id.*

As discussed below, the issues comprising Appellants' appeal—and the panel's disposition of that appeal—are squarely implicated by *Johnson* and *Martin*, and the validity of those decisions is at the heart of the question presented in *City of Grants Pass*. It would therefore be at a minimum inefficient, as well as likely futile, for Appellants to seek rehearing *now*. The panel's decision is premised on contested reasoning and Circuit precedents presently up for review before the Supreme Court, which may reconsider, revise, or reverse those precedents within the next several months. Appellants, therefore, respectfully move for an extension of the time within which to file any petition for rehearing and/or rehearing en banc until 21 days after the Supreme Court issues a decision in *City of Grants Pass*.

## PROCEDURAL HISTORY

On September 27, 2022, Plaintiffs-Appellees filed a complaint against the City and County of San Francisco, et al. ("San Francisco" or "the City"), alleging, among other things, that the City's enforcement of its ordinances restricting aspects of sitting, sleeping, lodging, and camping on public property was in violation of the Eighth Amendment's prohibition on cruel and unusual punishments. *See Coal. on Homelessness, et al. v. City and Cnty. of San Francisco, et al.*, N.D. Cal., No. 22-cv-05502 ("*COH*"), Complaint, ECF No. 1. On the same day, Plaintiffs filed a motion seeking a preliminary injunction preventing the City from enforcing several ordinances prohibiting aspects of

sitting, sleeping, lodging, or camping on public property. *Id.*, Mot. for Prelim. Inj., ECF No. 9; Op. 7.

The day after Plaintiffs filed suit, the Ninth Circuit entered the original panel decision in *Johnson*, which, applying *Martin*, affirmed both the certification of a class of all "involuntarily homeless persons" and a permanent injunction against the City of Grants Pass's enforcement of ordinances relating to sitting, sleeping, and lying. *Johnson v. City of Grants Pass*, 50 F.4th 787, 798 (9th Cir. 2022) (hereinafter "*Johnson* panel decision"). Grants Pass sought rehearing en banc, which this Court denied, accompanied by an amended panel opinion, by a vote of 14 to 13. *See Johnson*, 72 F.4th at 868. Grants Pass then filed a petition for writ of certiorari before the U.S. Supreme Court. *See City of Grants Pass v. Johnson*, No. 23-175 (Petition for Writ of Certiorari).

Below, before the district court, Plaintiffs cited the original *Johnson* panel decision as reaffirming *Martin*, together serving as a central basis for the entry of a preliminary injunction against San Francisco. *See COH*, Reply in Support of Plaintiffs' Motion for Preliminary Injunction, ECF No. 48 at 13 n.10 ("Plaintiffs' challenge does not target governmental conduct beyond the bounded holdings of *Martin* or *Johnson*" and "is limited only to the unlawful enforcement of statutes that criminalize the involuntary status of being homeless."). After briefing and a hearing during which the applicability of the original *Johnson* panel decision was a central focus, the district court granted the motion and issued a preliminary injunction against the City. *See Coal. on Homelessness v. City & Cnty. of San Francisco*, 647 F. Supp. 3d 806, 842 (N.D. Cal. 2022). Relying extensively on the reasoning and holdings of the original *Johnson* panel decision and *Martin*, the district court held that Plaintiffs were likely to prevail on their Eighth Amendment claim. *Id.* at 837 ("Plaintiffs are likely to succeed on the merits of their claim that Defendants violate the Eighth Amendment by imposing or threatening to impose

criminal penalties against homeless individuals for 'sitting, sleeping, or lying outside on public property' without giving them the option of sleeping indoors. *See Martin*, 920 F.3d at 617; *see also Johnson*, 50 F.4th at 795.").

Before this Court, the City appealed aspects of the preliminary injunction. Appellants' Opening Br., ECF No. 11. On Aug. 23, 2023, this Court heard argument on the City's appeal. Notice, ECF No. 83. And on January 11, 2024, this Court issued two opinions resolving the City's appeal. A majority of the panel affirmed the district court, dismissing the City's arguments that aspects of the City's enforcement of, and the "nature of one of the enjoined ordinances distinguish this case from [*Martin*] and [*Johnson*]." Op. 6-7. Rather, the majority concluded that the enjoined laws are "no narrower in scope than the laws at issue in *Martin* and *Johnson*." Op. 9. In a dissent from the panel opinion, Judge Bumatay argued that "*Martin* and [*Johnson*] have no relevance" because the district court "enjoined laws that go far beyond what *Martin* and [*Johnson*] protect." Op. 20.

A day later, the U.S. Supreme Court granted cert on Grants Pass's petition. *See City of Grants Pass v. Johnson*, No. 23-175. In communicating with counsel for Grants Pass, Appellants understand the Court plans to set argument for the week of April 22, 2024, *see* Louk Decl. ¶ 10, and so a decision is expected by the end of the Court's October Term 2023, by late June 2024.

## ARGUMENT

Good cause exists for San Francisco to seek an extension of the time within which to file any petition for rehearing and/or rehearing en banc. *See* Fed. R. App. P. 26(b).

In resolving the City's appeal, the panel decision's reasoning rested squarely on *Johnson* and *Martin* as controlling precedent in this Circuit. Indeed, the panel

majority recognized that while a grant of certiorari in *City of Grants Pass* could determine whether "both *Martin* and *Johnson* were wrongly decided," in the meantime, the panel "remain[s] bound by *Martin* and *Johnson*, as does the district court." Op. 12. And central to the panel majority's reasoning was that the "City's arguments" concerned the proper "application of *Martin* and *Johnson*." Op. 15-16.

However, in light of the Supreme Court's grant of certiorari in *City of Grants Pass* the day after the panel decision was issued, a real possibility exists that the Court may reconsider, revise, or reverse this Circuit's reasoning and the decisions in *Johnson* and *Martin*. This is because the question presented in *City of Grants Pass* squarely calls into question the holdings of not only *Johnson*, but also *Martin*:

> In *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019), the Ninth Circuit held that the Cruel and Unusual Punishments Clause prevents cities from enforcing criminal restrictions on public camping unless the person has 'access to adequate temporary shelter.' *Id.* at 617 & n.8. In this case, the Ninth Circuit extended *Martin* to a classwide injunction prohibiting the City of Grants Pass from enforcing its public-camping ordinance even though [sic] civil citations. That decision cemented a conflict with the California Supreme Court and the Eleventh Circuit, which have upheld similar ordinances, and entrenched a broader split on the application of the Eighth Amendment to purportedly involuntary conduct. The Ninth Circuit nevertheless denied rehearing en banc by a 14-to-13 vote.
>
> The question presented is:
>
> Does the enforcement of generally applicable laws regulating camping on public property constitute 'cruel and unusual punishment' prohibited by the Eighth Amendment?

*See* Question Presented, No. 23-175, https://www.supremecourt.gov/qp/23-00175qp.pdf (cert. granted Jan. 12, 2024).

Were the Supreme Court to reconsider, revise, or reverse this Circuit's reasoning and decisions in *Johnson* and *Martin*, it would necessarily alter the

nature of any arguments San Francisco may make in a petition for rehearing and/or rehearing en banc. Preparing such a petition at this stage, prior to the Supreme Court's decision in *City of Grants Pass*, would therefore be an inefficient allocation of resources for San Francisco, for Plaintiffs, and for this Circuit.

Moreover, even if the City timely filed its petition by January 25, 2024, it is likely that this Circuit would be unable to resolve any potential en banc proceedings prior to the Supreme Court's expected decision in *City of Grants Pass* by late June 2024. For instance, in *Johnson*, Grants Pass sought rehearing en banc on Nov. 14, 2022, *see* Case No. 20-35752, Pet. for Reh'g, ECF No. 71, and the full Court, divided 14 to 13, did not issue its decision denying that petition (as well as accompanying statements respecting, and dissents from, the denial) until nearly eight months later, on July 5, 2023. *Id.*, Order and Amended Opinion, ECF No. 99. Appellants therefore respectfully submit that the economical use of this Court's judicial resources would be to extend the time to file any petition for rehearing and/or rehearing en banc until after the Supreme Court's decision in *City of Grants Pass*.

Finally, Appellants respectfully contend that Plaintiffs would not be prejudiced by such an extension, for the published panel decision from which the City may seek rehearing and/or rehearing en banc affirmed the district court's entry of a preliminary injunction. The timing of any petition for rehearing and/or rehearing en banc before this Court therefore does not prejudice Plaintiffs or affect the rights of the parties below as to that opinion. As to the panel's guidance to the district court in its memorandum disposition, Appellants will also file alongside this Motion a motion seeking to stay issuance of the mandate until 28 days after the Supreme Court issues a decision in *City of Grants Pass*. Louk Decl. ¶ 9; *see also* Fed. R. App. P. 41(b). Because the writ of mandate is the "order from an appellate court directing a lower court to take a specified action," *Ellis v. U.S. Dist. Ct. for*

*W. Dist. of Washington (Tacoma)*, 360 F.3d 1022, 1022 (9th Cir. 2004) (citation omitted), the panel's memorandum disposition will not affect the status of the preliminary injunction until the mandate issues. *See also* 16AA Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3987 (5th ed. 2023). Nonetheless, counsel for Plaintiffs-Appellees oppose this Motion. Louk Decl. ¶ 11.

## CONCLUSION

For the foregoing reasons, Appellants respectfully seek extension of the time within which to file any petition for rehearing and/or rehearing en banc until 21 days after the Supreme Court issues a decision in *City of Grants Pass v. Johnson*, No. 23-175.

Dated: January 18, 2024

Respectfully submitted,

DAVID CHIU, City Attorney
YVONNE R. MERÉ
TARA STEELEY
DAVID S. LOUK
WAYNE SNODGRASS
KAITLYN M. MURPHY
EDMUND T. WANG
MIGUEL A. GRADILLA
Deputy City Attorneys

By: /s/ *David S. Louk*
DAVID S. LOUK

Attorneys for Defendants and Appellants
CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO POLICE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF PUBLIC WORKS; SAN FRANCISCO DEPARTMENT OF HOMELESSNESS AND SUPPORTIVE HOUSING; SAN FRANCISCO FIRE DEPARTMENT; SAN FRANCISCO DEPARTMENT OF EMERGENCY MANAGEMENT; MAYOR LONDON BREED; SAM DODGE

# DECLARATION OF DAVID S. LOUK
# IN SUPPORT OF DEFENDANTS-APPELLANTS' MOTION FOR AN EXTENSION OF TIME WITHIN WHICH TO FILE A PETITION FOR REHEARING AND/OR REHEARING EN BANC

I, David S. Louk, hereby declare:

1. I am an attorney at law duly licensed to practice before this Court and am counsel of record for Defendants-Appellants ("San Francisco" or "the City") in this action.

2. This Declaration is submitted in support of Defendant-Appellants' Motion for Extension of Time Within Which to File a Petition for Rehearing and/or Rehearing En Banc.

3. On January 11, 2024, this Court filed an Opinion, rejecting the City's appeal, and entered judgment on San Francisco's appeal. *See* ECF No. 89 (Opinion).

4. Given the importance of the issues implicated by this appeal, San Francisco intends to file a petition for rehearing and/or rehearing en banc of that decision, and/or a petition for writ of certiorari in the Supreme Court.

5. Under Federal Rule of Appellate Procedure 40(a)(1), any petition for panel rehearing must be filed within 14 days after entry of judgment, unless that time is extended. Any petition for rehearing en banc must be filed "within the time prescribed by Rule 40 for filing a petition for rehearing." Fed. R. App. P. 35(c).

6. By Rule, the deadline for the City to file any petition for rehearing and/or rehearing en banc would be due January 25, 2024.

7. For good cause, the due date for filing the petition for rehearing or rehearing en banc may be extended. Fed. R. App. P. 26(b); Fed. R. App. P. 40(a)(1).

8. For the forgoing reasons set forth in Appellants' Motion, Appellants seek an extension of the deadline to file any petition for rehearing or rehearing en

banc until 21 days after the Supreme Court issues a decision in *City of Grants Pass v. Johnson*, No. 23-175.

9. For similar reasons, Appellants will today also file a Motion to Stay Issuance of the Mandate until 28 days after the Supreme Court issues a decision in *City of Grants Pass v. Johnson*, No. 23-175.

10. On January 16, 2024, counsel for Grants Pass confirmed to me by email that Supreme Court argument in *City of Grants Pass v. Johnson* is intended to be set for the week of April 22, 2024, and so the Court will likely issue a decision by the end of the October Term 2023, approximately late June 2024.

11. On January 17, 2024, counsel for Plaintiffs communicated to me during a telephonic meet and confer that they plan to oppose Appellants' Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed January 18, 2024, in San Francisco, California.

                                          /s/*David S. Louk*
                                                David S. Louk

## CERTIFICATE OF SERVICE

I, Pamela Cheeseborough, hereby certify that I electronically filed the following document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on January 18, 2024.

**DEFENDANTS-APPELLANTS' MOTION FOR EXTENSION OF TIME WITHIN WHICH TO FILE A PETITION FOR REHEARING AND/OR REHEARING EN BANC; DECLARATION OF DAVID S. LOUK**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Executed January 18, 2024, at San Francisco, California.

*/s/*Pamela Cheeseborough
Pamela Cheeseborough