**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COALITION ON HOMELESSNESS; et al., | No. 23-15087 |
| Plaintiffs-Appellees, | D.C. No. 4:22-cv-05502-DMR |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO; et al., | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding

Argued and Submitted August 23, 2023
San Francisco, California
Opinion and Memorandum Filed January 11, 2024
Opinion and Memorandum Withdrawn July 8, 2024

Before: BUMATAY, KOH, and DESAI, Circuit Judges.

Appellant City and County of San Francisco ("the City") appeals the grant of a preliminary injunction in this action brought by the Coalition on Homelessness and seven current or formerly homeless residents of San Francisco ("Plaintiffs").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We affirm in part and vacate and remand in part.

1. In light of *City of Grants Pass v. Johnson*, No. 23-175 (U.S. June 28, 2024), the district court's preliminary injunction is vacated insofar as it relates to Plaintiffs' claims of cruel and unusual punishment under the Eighth Amendment.

2. The district court did not, however, abuse its discretion by requiring the City to comply with its "bag and tag" policy as written. The City has not challenged the propriety of preliminary injunctive relief on Plaintiffs' Fourth Amendment claims and has not shown that the district court abused its "considerable discretion" in fashioning a remedy. *See Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)). The City invokes caselaw on "obey the law" injunctions, which are disfavored because they may run afoul of the requirement that "those enjoined receive explicit notice of precisely what conduct is outlawed." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (per curiam); *see* Fed. R. Civ. P. 65(d). Requiring the City to comply with its own detailed policy document does not raise these concerns.

**AFFIRMED** in part and **VACATED** and **REMANDED** in part. Each party shall bear its own costs on appeal.